HEIRS OF YTURRI v. J. D. McLEOD, CHIEF JUSTICE, &c., FOR USE, &c.

A bill of review will not lie in this State to revise a judgment for errors of law apparent on the face of the record. The remedy for such errors is by appeal or writ of error. The ruling of this court on this point in the case of Seguin v. Maverick, 24 Tex. R., 526, cited and approved.

Where a judgment of the District Court was collaterally impeached for alleged want of service upon one of the two defendants thereto, and part of the papers being lost there appeared among the remainder no evidence of service, a recital in the judgment itself that the "parties appeared by their attorneys," is *prima facie* evidence that the defendants appeared and subjected themselves to the jurisdiction of the court. And it further appearing of record that there were two distinct motions for new trial, signed by different counsel, a strong inference is raised thereby that both defendants were, in fact, represented in court, and that the recital in the judgment, of the appearance of the parties by their attorneys, was not a clerical error.

A Probate Court, in rendering a decree based upon a judgment in a District Court, cannot examine into alleged errors of law in such judgment; nor can such judgment be revised in the District Court by certiorari to the decree of the Probate Court. But a judgment of the District Court which was void for want of service upon the defendant, cannot constitute the basis of a decree in the Probate Court.

The appearance of a defendant is a waiver of service and citation, and authorizes the rendition of judgment against him.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

Manuel and Vicenta Yturri, minor heirs of Manuel Yturri Y. Castillo, by their next friend, Warrick Tunstall, instituted this suit on the 24th of February, 1855, in the District Court of Bexar county, for the purpose of bringing before that court and

revising, by certiorari, a decree of the County Court for the settlement of estates, rendered April 26, 1854, in favor of Francois Radaz against Mariano Rodriguez, guardian of the plaintiffs; which decree was based upon a judgment of the District Court of Bexar county, rendered at the Fall term 1852, in favor of J. L. Hewitt, Probate Judge, for the use of said Francois Radaz as heir at law of Donat Radaz, deceased.

The petition impleaded, as defendants, John D. McLeod, the judge who rendered the decree in the County Court; Francois Radaz, the party in whose favor it was rendered; and Mariano Rodriguez, the guardian of the infant plaintiffs, who was charged in the petition with fraudulent collusion in the rendition against him as guardian of the judgment of the District Court upon which the decree was based, and who, it was further alleged, had never been served with process in the suit wherein such judgment was* rendered.

The judgment in the District Court, above referred to, was rendered at the Fall term 1852, for $1,773 67, in favor of J. L. Hewitt, Probate Judge, who sued for the use of said Francois Radaz, heir at law of Donat Radaz, deceased, and against Wm. B. Jacques, security of Isadore Clausel, administrator of Donat Radaz, and also against Mariano Rodriguez, guardian of Manuel and Vicenta Yturri, minor heirs of Manuel Yturri Y. Castillo, who was also a security of said administrator. Notice of appeal was given by Jacques and Rodriguez, but the appeal was never prosecuted further.

The decree of the Probate Court, also referred to above, was obtained by Francois Radaz, on 26th. April, 1854, against said Mariano Rodriguez, guardian as aforesaid, to compel him to pay the judgment of the District Court out of the assets and property of his wards.

In their petition in the cause now appealed, the plaintiffs set forth many alleged errors of law apparent on the face of the record of the judgment against their guardian, Rodriguez; and for which errors, they prayed that such judgment and the decree of the Probate Court thereon might be revised and vacated. And besides these errors in law,—which under the ruling of this court in the

opinion, it is not deemed necessary to specify particularly,—the plaintiffs also charged that Mariano Rodriguez, their guardian, fraudulently colluded in the rendition of the said judgment against him in his fiduciary capacity; and that, in point of fact, he never was served with process in the suit wherein the same was rendered: wherefore, they charge that the said judgment and the decree of the Probate Court to enforce it, are, and should be declared to be, null and void.

The defendants Radaz and McLeod demurred to the petition, and also answered with a general denial. The defendant Rodriguez denied the fraud and collusion charged against him, and alleged that he had no recollection of service of process upon or appearance by him, in the suit of Hewitt, Judge, against him as guardian of the infant plaintiffs. The record of that suit was put in evidence, when it appeared that many of the papers had been lost or destroyed, and among those that remained there was no evidence of the service of process upon Rodriguez; but the judgment contained the recital that the "parties appeared by their attorneys," and there were two separate motions for a new trial, one of which purported to be made in behalf of Jacques alone, the other in behalf of "the defendants,"—which motions were signed by different attorneys. No evidence of collusion on the part of Rodriguez in the rendition of the judgment was adduced.

This cause came to trial at the Spring term 1856, when, a jury being waived, the court below gave judgment against the plaintiffs, from which they prosecute this appeal.

*Brewster*, for appellants.—The proceeding by bill of review has been repeatedly recognized by this Court since the doubt expressed in Randon v. Cartright. (McFarland v. Hall, 17 Tex. R., 676; Richardson v. Ellet, 10, Tex. R., 190.) It is well known to be a remedy of restricted application; but among those cases where it may be brought, errors on the face of the decree are recognized, except where the correction of the errors, so apparent, could not benefit the complainant by any possibility.

*I. A. & G. W. Paschal*, for appellees.

WHEELER, C. J. The petition is framed with the two-fold object of reviewing and annulling the former judgment of the District Court, and bringing before the court for revision by certiorari the judgment of the Probate Court rendered thereon.

The several grounds upon which it is sought to review the judgment of the District Court, except the alleged want of service upon the guardian of these plaintiffs, and his alleged fraudulent collusion in the rendition of that judgment, are errors in law apparent on the face of the record. And for these we have heretofore held the proceeding by bill of review will not lie in our practice. The remedy is by appeal or writ of error. (Seguin v. Maverick, 24 Tex. R., 526.)

The alleged collusion of the guardian of the plaintiffs is wholly unsupported by anything in the evidence or in the record. And this disposes of the case as a proceeding by bill of review, or a bill in the nature of a bill of review, to revise and annul the judgment of the District Court, except as to the alleged nullity of the judgment for the want of service.

The judgment of the Probate Court is sought to be revised upon grounds of error and nullity in the judgment of the District Court on which it was rendered. But as to mere errors of law in the judgment of the District Court, we take it to be perfectly clear that these were not examinable in the Probate Court. Without specifying the several alleged grounds of error, therefore, it will suffice to say, that being at most but errors in law which might authorize a reversal in a proceeding by appeal or writ of error, but would not authorize a court in a collateral proceeding to treat the judgment as null, as they were not examinable in the Probate Court, they cannot be brought under revision by this proceeding by certiorari to revise that judgment. But if, as alleged, the judgment of the District Court was null for the want of service upon the guardian of these plaintiffs, it is clear that it could not constitute a basis for the rendition of judgment in the Probate Court. It is material therefore to consider this, which is the only remaining ground on which that judgment is sought to be reversed and annulled.

It seems that a part of the papers in the cause had been lost or

destroyed; and the record affords no evidence of service upon the guardian of the plaintiffs, Mariano Rodriguez. It does appear, however, that he had been made a party by an amended petition, and the record of the judgment recites that the parties appeared by their attorneys. This, it is conceived, must be taken to be *prima facie* evidence that the defendant Rodriguez did appear and subject himself to the jurisdiction of the court over his person in that case upon the trial. (Merritt v. Clow, 2 Tex. R., 582.)

It further appears that the defendants moved for a new trial; and also that the defendant Jacques made a separate motion for a new trial, the two motions being represented by different counsel. As there are but two defendants mentioned in the judgment, and as there are two distinct motions for a new trial, represented by different counsel, the inference would seem to be very strong that both defendants were, in fact, represented in court; and that the recital in the judgment that the parties appeared by their attorneys was not a clerical error. If the appearance of the defendant rested alone on the motions for a new trial, that might not be sufficient; but it may be referred to as sustaining the presumption arising from the recital in the judgment.

The appearance of the party was a waiver of citation and service, and authorized the rendition of judgment. We conclude therefore that this alleged ground of nullity in the judgment cannot be maintained, and that there is no error in the judgment.

The view we have taken of the case renders it unnecessary to inquire whether this proceeding, as a bill of review of the judgment of the District Court, was barred by the statute of limitations, as to these infant plaintiffs. If not, it would seem they may still have their writ of error to revise the judgment they have here sought to have reviewed. (O. & W. Dig., Art, 1,347, 1,352.)

The judgment is affirmed.

Judgment affirmed.