## T. W. AND G. E. SMITH v. A. H. WOOD.

1. In an action against two defendants jointly, on a promissory note, personal service was had on one of them, and the other was served by publication. The record did not show that the defendant who had been served by publication had filed any pleadings in the case, but the judgment of the court below recited the fact that "both parties waived a "jury, and submitted the cause to the court upon the law and facts." *Held*, under the authority of Chester *v.* Walters, 30 Texas, 53, that the record disclosed a personal appearance of both of the defendants, and the recitals of the judgment were conclusive upon the parties.
2. In an action on a promissory note calling for gold, it was not error for the court below to render a judgment for gold.

ERROR from Washington. Tried below before the Hon. J. M. Onins.

The opinion of the court sufficiently indicates the facts of the case.

*Breedlove & Ewing*, for the plaintiff in error.

I. The judgment recites, that "this day came the parties by "their attorneys," and that, "by consent of both parties, a jury "was waived, and the cause submitted to the court," etc. This is clearly erroneous as to Thomas W. Smith, who was cited by publication, and never filed any answer, or made appearance, in the case, "by attorney," or otherwise. Under the system of practice in our District Courts, all the pleadings in a cause

are required to be in writing, and we know of no way in which a defendant can appear, except by a written answer. In order to authorize the recitals in the judgment, and the judgment rendered, as to Thomas W. Smith, he must have appeared by filing a written plea. Even an acceptance of service and waiver of process must be in writing. (P. D., Article 1432.) Where there was neither an answer filed, nor an acceptance of service, the judgment is erroneous. (Ward v. Latimer, 2 Texas, 247.) As Thomas W. Smith did not answer at all, the only proper judgment that could be rendered as to him, was a judgment by default. Were any other permitted, it would be equivalent to deciding that a defendant can appear and answer, otherwise than in the mode prescribed by law. We should here remark, that the case of Chester v. Walters, 30 Texas, 53, was one in which there was no appearance in that Supreme Court, on behalf of the plaintiff in error, and that case was determined by this court upon an *ex-parte* hearing. The rule laid down in that case makes the recitals of the judgment override all the balance of a record: and if adhered to, would tend to work great injustice and injury to defendants absent from the State and who may be cited by publication. Under our present rules of practice, the attorney of the successful party prepares the judgment for the clerk, and by merely inserting a recital like the one in this case, the plaintiff could in every case defeat the defendant's right of having the judgment reviewed in the District or Supreme Court; and at the same time, relieve himself of the necessity of incorporating a statement of facts in the record. A second objection to the judgment is, that it proceeds to foreclose a lien on a tract of land, without the proper allegations in the plaintiff's petition, to authorize such foreclosure.

II. The court failed to " make out, and incorporate with the " records of the cause, a statement of the facts proved therein, " on which the judgment was founded," as required by law. (P. D., Article 1488.)

" Where service has been made by publication, and the de-

" fendant fails to appear, whatever may be the cause of action,
" whether liquidated or unliquidated, proved by parol, written,
" or record evidence, the statute requires a statement of the
" facts to be incorporated in the record ; and the omission to
" comply with that requisition will be fatal on error."
(McFadden *v.* Lockhart, 7 Texas, 573 ; Chrisman *v.* Miller, 15
Texas, 159.) In *ex-parte* proceedings of this character,.where
the defendant has not had actual notice of the suit, the plaint-
iff must be held to a strict compliance with every essential re-
quirement of the law. (Allen *v.* Wyser, 29 Texas, 153.) And a
failure to make a statement of the facts upon which the judgment
is based, is error, for which the judgment must be reversed.
(Pierpont *v.* Pierpont, 19 Texas, 227 ; Davis *v.* Davis, 24
Texas, 190.)

III. The judgment was rendered for gold coin of the United
States ; whereas, it " should have been rendered for dollars and
" parts of dollars, so as to have been payable in any legal tender
" of the United States." This judgment is in direct conflict
with decisions of this court. In the cases of Shaw *v.* Trunsler,
30 Texas, 391, and Windish *v.* Gussett, 30 Texas, 744, and
Flournoy *v.* Healey, 31 Texas, 591, this court decided that " the
" Legal Tender Act is constitutional, and that any judgment
" tending to impair, impeach, or set aside the validity of this
" act, would be *pro tanto* erroneous." And in all of those
cases, this court decided that the rendering of judgment for
specie, or coin, was error. In the later cases of Van Alstyne
*v.* Sorley, 32 Texas, 519, the Central Railway *v.* George, 32
Texas, 568, and Wright *v.* Donnell, 34 Texas, 219, the same
doctrine—that a judgment for gold, specie or coin, is in con-
travention of the Legal Tender Act, and therefore erroneous—
was reaffirmed. In the case of Van Alstyne *v.* Sorley, the
draft sued on was for a certain number of dollars in specie
(just as in this cause, the note sued on is for a certain number
of dollars in gold), and this court in determining the cause, say :
" Nor should the judgment have been given for specie, but for
" dollars and parts of dollars, according to the verdict of the

"jury, under the instructions of the court, so as to be pay-
"able in any legal tender, established by the national
"authority."

We admit that contracts entered into before the passage of
the Legal Tender Act, may, under the rulings of this court,
be collected in gold and silver coin. This was the decision in
the case of Van Alstyne v. Sorley ; and in the case of Harrell
v. Barnes, 34 Texas, 413, this court, in reaffirming the same
doctrine, say : " The question whether, under the laws of the
" United States, a note (made in 1860), payable February,
" 1863 (subsequent to the passage of the Legal Tender Act),
" could not be discharged in paper currency of the United
" States, came before the Supreme Court of the United States,
" in the case of Hepburn v. Griswold, 8 Wallace, 603 ; and after
" a most thorough investigation, it was decided that the act of
" Congress, passed February, 1872, known as the ' Legal Tender
" Act,' so far as it affected pre-existing debts, was unconstitu-
" tional; and therefore, that all notes executed before that date
" were payable in coin, and could be discharged in coin only ; "
and therefore, according to the authority of that case, this court
decided that a note executed in April, 1860, was not affected
by the Legal Tender Act, and that judgment was properly ren-
dered for gold.

As a matter of course, it follows that all contracts entered
into subsequent to the passage of the Legal Tender Act are
governed by the provisions of that act, which makes United
States Treasury notes a legal tender for all debts. To decide
otherwise, would be, in effect, to do away with that act alto-
gether, and makes its provisions inoperative and nugatory.
We are of the opinion, that this court is no more prepared now
than at any former time to sustain judgments for gold, specie,
or coin, rendered upon contracts entered into since the passage
of the Legal Tender Act, and in direct contravention of its
provisions.

*Sayles & Bassetts*, for defendant in error.

WALKER, J. This was an action brought on a promissory note, calling for three thousand five hundred and ten dollars in gold, given for the purchase-money of the lands described in the petition.

The appellants, Thomas W. and G. E. Smith, were defendants below. G. E. Smith was personally served with process, and plead to the action. Thomas W. Smith was served by publication, and it does not appear from the record that he filed any pleadings in the case; but the judgment recites that both parties waived a jury, and submitted the cause, upon the law and evidence, to the court. The court adjudged the amount of the note to the plaintiff in gold, and decreed the foreclosure of the vendor's lien.

The only material questions presented for our decision are: first, " Was there such an appearance in the District Court, on " the part of Thomas W. Smith, who was served by publi- " cation, as saved the necessity of a statement of facts in the " record?" And, secondly, " Was it competent for the court " to render a judgment for gold on a note dated the 12th of " January, 1870, and payable in gold?"

To the first inquiry, it would appear from the pleadings filed by G. E. Smith in the case, that the plaintiff was put to the proof of every material allegation in his petition. The production of the note on the trial became necessary. (Mims v. Mitchell, 18 Texas, 443; Able v. Chandler, 12 Texas, 88; Kinnard v. Herlock, 20 Texas, 48.) This record does disclose the facts necessary to support the judgment; but we think, under the rule laid down in Chester v. Walters, 30 Texas, it may 'be claimed that the record shows a personal appearance of both the defendants. This case is closely analogous to the one at bar. The recitals in the judgment are conclusive on the parties. (Goss v. Pilgrim, 28 Texas, 263.) A similar doctrine is held in DeWolf v. Snow, 25 Texas, 320; also in Laird v. Thomas, 22 Texas, 276. Indeed, authorities are too numerous to require citation.

Owing to our attempt to follow the decisions of the Supreme

Court of the United States, there may be some contradiction in the rulings of this court touching the " Legal Tender Acts;" but we have conceded to the Supreme Court of the United States, in Van Alstyne *v.* Sorley, 32 Texas, 532, the authority to interpret the legislation of Congress; and, since the case of Trebilcock *v.* Wilson, 12 Wallace, 687, where Bronson *v.* Rhodes, 7 Wallace, 220, is affirmed, we have followed the ruling of that court, as in Hely *v.* Coswitz, and other unpublished cases.

There was no error in the court rendering a judgment for gold in this case; nor do we find any error on which to reverse the judgment. It is therefore affirmed.

Affirmed.