J. M. LEWIS v. E. B. NICHOLS.
SUSAN M. LEWIS v. E. B. NICHOLS.
JOHN WOODSON v. E. B. NICHOLS.

1. No judgment can be rendered against the representative of the estate of a deceased person binding on the estate, unless the defendant be sued in his representative capacity.
2. Execution can never issue against the estate of a deceased person, except when the estate is withdrawn, by the will, from the jurisdiction of the probate court.
3. A provision in the will exempting the executor from giving bond will not of itself authorize the issuance of execution against the estate in his 'hands, under a judgment against the executor ; it can only be authorized where the petition avers and the evidence shows that the estate is excluded from the jurisdiction of the probate court.
4. When an executor makes a valid compromise of a debt against the estate of his testator, by giving to the creditor property which belonged to the executor in his individual right, he is entitled to be subrogated to the rights of the creditor, and will be entitled to share the assets *pro rata*.

APPEAL from Montgomery.

A careful statement of each case will be found in the opinion.

*Abercrombie & Banton* and *N. H. Davis*, for the appellants.

*Baker & Maxey*, for the appellee.

WALKER, J.—These three cases are submitted together, and will be so considered by the court.

Gen. John M. Lewis died in the month of April, 1862, testate, leaving Susan M. Lewis his widow. It is claimed his will is what is termed an "independent will," requiring only to be probated, but not otherwise bringing his estate within the jurisdiction of the probate court. Mrs. Lewis was the executrix of the will, and qualified under it. The estate of Gen. Lewis was doubtless solvent at the time of his death, but consisting in part of slaves. Emancipation reduced the estate to insolvency. Besides an independent estate Gen. Lewis and his wife were the common owners of a considerable amount of property. Mrs. Lewis also owned a large amount of property in her own right.

E. B. Nichols & Co. and P. J. Willis & Bro. appear to have been the principal creditors. After the death of her husband Mrs. Lewis made payments (mostly in cotton) to Nichols & Co. amounting to about forty-six per cent. of their debt, principal and interest.

In July, 1862, at a time when she probably had a right to consider the estate of her husband as solvent, Mrs. Lewis executed her individual note to Willis & Bro. for nearly $13,000. In November, 1869 this debt to Willis & Bro. amounted to $23,039.79. This we gather from statements of counsel. Mrs. Lewis compromised, and paid it by a conveyance of lands belonging to her in her own right. The lands are known as the Martin league and the

Ware quarter of the Collard league.   In this compromise six hundred acres were set apart to Mrs. Iantha A. Woodson, now the wife of Miller A. Woodson.   Willis & Bro. had attached the lands.

Suit was brought by Nichols & Co., in February, 1868, against John M. Lewis as the administrator *de bonis non* of his father's estate, claiming a balance of near $11,000 on a due bill, dated July, 1861.   This claim was presented and rejected by John M. Lewis as administrator.   Subsequently the plaintiffs made Willis & Bro. and Susan M. Lewis defendants by a supplemental petition, averring that the Martin league, the Ware quarter and some other tracts of land, never were the property of Mrs. Lewis, but belonged to the community estate or to the individual estate of Gen. John M. Lewis, and that the same was subject to administration.

In a second supplemental petition, filed in August, 1870, the plaintiffs charged Mrs. Lewis and Willis & Bro. with fraud on their rights and those of other creditors, and sought to set aside the sale of the Martin league and the Ware quarter of the Collard league, on the ground that the land was not the separate property of Mrs. Lewis. To these pleadings of the plaintiffs John M. Lewis answered as the administrator ; Willis & Bro. claimed the lands; Mrs. Lewis, as an individual, answered generally, and specially denied fraud.   On the trial at the February term, 1871, the following verdict and judgment were had:

"We, the jury, find for plaintiffs, E. B. Nichols & Co., ten thousand three hundred and five dollars.   We also find for the defendants, P. J. Willis & Bro., the Martin and Ware tracts of land claimed by them, and for Mrs. Woodson the six hundred acres claimed by her, and for Mrs. Lewis her homestead, two hundred acres.

(Signed)          "J. C. McGANGHEY, Foreman."

"And it appearing to the satisfaction of the court that

the defendant, Susan M., qualified as executrix of her husband, J. M. Lewis, under his will, as set forth in the plaintiffs' petition, and that she has never been removed from said trust, it is adjudged that the plaintiffs' claim for the amount as found by the jury be and the same is hereby established as a valid claim against the estate of the said testator, J. M. Lewis, and that plaintiffs have and will recover of and from the said Susan M. Lewis, as executrix without bond of the said J. M. Lewis, said sum of ten thousand three hundred and five dollars, with all costs in this behalf expended, except the costs of the said John M. Lewis, the said P. J. Willis & Bro., and the said Miller A. Woodson and wife, to be levied of the goods and chattels, lands and tenements, of the said J. M. Lewis, in the hands of the said Susan M. Lewis to be administered, for which let execution issue; and further, that the said J. M. Lewis go hence and recover of the plaintiffs all costs by him in this behalf expended. And the said court having, during the progress of the trial of this cause, ruled that the said defendants, P. J. Willis & Bro., should elect either to proceed as creditors under their claim, or to claim the said Martin and Ware tracts under the conveyance from the defendant, Susan M. Lewis, as her separate property, and the said Willis & Bro., after excepting to said rulings, elected to claim said last named tracts, under said conveyance, and then by leave of the court withdrew all other matters in their answers set up, without prejudice, whereupon said verdict of the jury and the pleadings and evidence in the cause, it is considered, adjudged and decreed by the court that the said Peter J. and Richard S. Willis, in their said firm name of P. J. Willis & Bro., have good right and title to the said Martin league of land, in said Montgomery county, less the Salem tract of 320 acres and the 200 acres homestead of defendant, Susan M.

Lewis, and the 600 acres conveyed by them in the said compromise to defendant, Mrs. Iantha A. Woodson, and to the said Ware quarter of a league of land on the Elijah Collard league, in Montgomery county, being two of the tracts of land described in the deeds referred to as recorded in the record, Book L., pages 137, 138, 139, 140 and 141, of Montgomery county.

"It is further decreed that the said Mrs. Iantha A. Woodson, the wife of defendant, Miller A. Woodson, in her separate right, is the owner and has good right and title to said 600 acres under the said deed to her from the said P. J. Willis & Bro., and that said defendant, Susan M. Lewis, has good right and title to her said two hundred acres homestead tract.

"It is further decreed by the court that titles to the said several tracts of land, as conveyed in said compromise deeds of date the thirtieth day of November, A. D. 1869, and mentioned in the plaintiffs' second supplemental petition, filed on the twenty-third day of August, A. D. 1870, and the answer thereto of said P. J. Willis & Bro., recorded in said record, Book L., as conveyed therein to the respective parties thereto, be forever quieted, and that said deeds recorded in said book do stand as valid and binding.

"It is considered, adjudged and decreed by the court, that the said defendants, Peter J. and Richard S. Willis, in their firm name of P. J. Willis & Bro., do have and recover of the said plaintiffs, E. B. Nichols and Julius Frederich, in their said firm name of E. B. Nichols & Co., all of their costs in this suit incurred and expended, for which an execution may issue. And that the said Miller A. Woodson and his wife, Iantha A. Woodson, in the right of said Iantha, do have and recover of the said plaintiff all of their costs in this suit incurred and expended, for which an execution may issue. And that the

said defendants, Willis & Bro., Miller A. Woodson and his wife Iantha, be and are each discharged and allowed by the court to go hence, without further delay in this court.

"And it is further considered and adjudged by the court that within as reasonable time after the adjournment of this term, that the clerk of this court do tax the costs as above decreed, and if not paid, to issue execution as prescribed by law."

This is the verdict and judgment in No. 1393, and neither are authorized by the process or pleadings. The suit was brought against John M. Lewis, as the representative of his father's estate. It was against Mrs. Lewis individually. If John M. Lewis was not the administrator *de bonis non* of his father's estate, then that estate was not represented in the suit, and no judgment could have been entered against it. But this judgment sets out that Susan M. Lewis qualified as the executrix of her husband's will, and without being cited in the case to defend for the estate, a judgment goes against the estate awarding execution. The verdict would imply that Mrs. Lewis had made a good title to Willis & Bro. for the land claimed by them ; that Mrs. Woodson's right to the six hundred acre tract is affirmed by the jury, as well as "Mrs. Lewis's right to the two hundred acre homestead." So far as these parties were properly before the court the verdict and judgment may be right and proper, but the judgment against the estate of Gen. Lewis is erroneous and must be reversed.

In No. 1455 suit was instituted by Nichols & Co. against John M. Lewis as the administrator of his father's estate. By supplemental petition Susan M. Lewis and John M. Lewis, in their individual capacity, Iantha Woodson and her husband Miller A. Woodson, and P. J. and R. S. Willis, were made parties defendant.

The object of this suit was to subject certain lands claimed or owned by Mrs. Lewis in her own right to the payment of the debts of her husband's estate. In this case Mrs. Lewis was not sued as executrix, nor any judgments sought against her as such. The plaintiffs did not aver that she was the executrix of an independent will, but on the contrary they aver that the will does not exclude the jurisdiction of the probate court.

The verdict of the jury is as follows: "We, the jury, find for the plaintiffs, E. B. Nichols & Co., $10,305." On this verdict judgment was rendered against Mrs. Lewis as executrix, and execution awarded against the estate in her hands.

It is insisted that this judgment must stand on the presumptions which the law implies in its favor, without a statement of facts. The answer, however, to this is, that the verdict and judgment are not supported by the pleadings. (Pinchain v. Collard, 13 Texas, 335.)

The only case under our law where execution can run against the estate of a deceased person, is where the estate is withdrawn by the will from the jurisdiction of the probate court. (Art. 1371, Pas. Dig.) We do not think that exempting the executor from giving bond alone will authorize execution against the estate in his hands.

The plaintiff should have averred that the estate was excluded from the jurisdiction of the probate court, which they did not do, but did aver the contrary. In Gough v. Hosser, 33 Texas, 430, it was decided that in rendering a judgment against an executrix, it was error to award execution against the estate of the testator, when the petition did not aver the facts properly authorizing the same. But this judgment was entirely wrong, for the reason that Mrs. Lewis was not sued as the executrix of her husband's will. (Moore v. Gest, 8 Texas, 119.)

No. 1454 is an action of trespass to try title. The

appellant claims under a sale by John M. Lewis, administrator *de bonis non*, with the will annexed of Gen. John M. Lewis.

The appellant's title is from the sheriff who sold under the judgment in case 1455. And here the statement of facts shows that Mrs. Susan M. Lewis did qualify as the executrix of her husband's will, took charge of his estate, managed it, paying debts, and otherwise controlling it until 1867. The opinion of the court in No. 1455 determines that the appellee has no title to the land in question, and is decisive of the controversy in this case. It is, therefore, unnecessary to express an opinion upon any other question raised by the pleadings. We have, then, no other duty to perform in these cases than to lay down the principles on which the rights of the parties may hereafter be adjudicated. If Mrs. Lewis has not been removed from the trust, she is still the executrix of her husband's will, and must be so treated in all suits against the trust fund. If the estate is withdrawn by the will from the jurisdiction of the probate court, it may be so treated.

If Mrs. Lewis made a valid compromise of the debt of P. J. Willis & Bro. by giving them property which belonged to her in her own right, she is subrogated to their rights as a creditor, and will be entitled to share the assets *pro rata*. If by the compromise Mrs. Woodson obtained a title to the six hundred acres of land claimed by her, the land belonging to her mother, she wants no other title. These cases should be consolidated in the District Court, and by a proper amendment of pleadings and process the rights of all parties can be adjudicated.

The judgments are all reversed, and the cases Nos. 1455 and 1393 are remanded, and 1454 is dismissed.

REVERSED AND REMANDED.