OWEN SAUNDERS, ET AL. v. THE STATE.

No. 5603. Decided December 10, 1919.

1.—Scire Facias—Forfeited Bail Bond—Citation.

Where, upon a forfeited bail bond, a final judgment was entered against the principal and all of his sureties, only one of the sureties being served, the judgment by default is void.

2.—Same—Citation—Service—Judgment.

Where the judgment recites that all the sureties in a forfeited bail bond are served with citation, such recital would prevail against the sheriff's return in a collateral attack, but this being a direct attack on the judgment, the want of service on the sureties can be shown. Following: Burditt v Howth, 45 Texas, 466, and other cases.

Appeal from the District Court of Cook. Tried below before the Hon. C. R. Pearman, judge.

Appeal from a judgment final of a forfeited bail bond, in the sum of $500.

The opinion states the case.

*J. T. Adams,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—This cause is before us on writ of error, complaining of judgment entered on a forfeited bail bond. The plaintiff in error was a surety, and H. B. Porter the principal upon the bond.

The bond was executed by the principal, Porter, and by George Beck, Dan Skeams, and Owen Saunders as sureties, and the forfeiture and judgment *nisi* is against each of them as is also the final judgment. Citation, however, appears to have been issued for all but only served on Beck. The final judgment is by default, and the absence of service upon the plaintiffs in error renders the judgment voidable on writ of error. The statute, Article 502, Code of Crim. Procedure, provides for a default judgment "when the sureties have been duly cited and fail to answer, and the principal also fails within the time for answering in other civil actions." Other articles provide for citation and service. See Arts. 491 and 492.

The judgment recites that all were served. This recital would prevail against the sheriff's return on the citation in a collateral attack upon the judgment. Not so, however, when, as in the present case, the attack is a direct one. Burditt v. Howth, 45 Texas, 466; Carlton v. Miller, 21 S. W. Rep., 697; See Rose's Notes on Texas Reports, vol. 2, p. 641.

The error pointed out requires a reversal and remanding of the cause, which is ordered.

*Reversed and remanded.*