### BLAIR et al. v. CARNEY et al.
### No. 12545.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 3, 1931.

Rehearing Denied Nov. 7, 1931.

Otis E. Nelson, of Wichita Falls, for appellants.

Kay & Akin, of Wichita Falls, and H. R. Wilson, of Fort Worth, for appellee Texas Co.

BUCK, J.

Plaintiffs J. D. Carney, George L. Swackhamer, Clara Hart, J. N. Jerome, and H. P. Smith sued the Texas Company, a corporation, alleging that plaintiffs were the owners in their own right of an oil and gas lease situated in Wichita county, being 20 lots out of block No. 20 of the Acme Oil & Gas Company subdivision of block 1, Ward & Todd subdivision of G. C. & S. F. Company survey No. 6, abstract No. 625, which lots are numbered as follows: Lots 80 to 84, inclusive; lots 92 to 96, inclusive; lots 102 to 106, inclusive; and lots 112 to 116, inclusive—being the same lots described in a certain oil and gas lease executed by Jessie C. Michel to Frank B. Blair, dated May 16, 1929, and recorded in the deed records of Wichita county. That said oil and gas lease is and has been for a long time productive of oil and gas, and that the defendant and its subsidiaries, and agents, servants, and employees, have run oil from said lands during the years of 1929 and 1930, and that said defendant by its act in so running said oil became liable and promised to pay plaintiff for the reasonable market value of said oil so appropriated and converted by defendant and has failed and refused, and still fails and refuses, to account for same or to pay for same, or any portion thereof.

Defendant answered this petition by a general denial, and further pleaded that from October 14, 1929, to the filing of this suit, defendant has purchased in the regular and usual course of business from a common carrier pipe line, to wit, the Texas Pipe Line Company, said oil runs and transported certain oil runs to the defendant, and that said oil runs amounted at the time of the pleading to the sum of $1,006.26. That Frank B. Blair, a resident of Kansas City, Jackson county, Mo., for himself individually and as trustee for other persons whose names and residence are unknown to defendant, claims and asserts right and title to the proceeds of the oil transported by said common carrier pipe line to this defendant, and defendant desires to pay said money to whomsoever is lawfully entitled to receive the same, but is now unable to do so because of the claims of persons mentioned, and on account of the controversy existing between plaintiffs and such persons. That defendant has heretofore impleaded the said Frank B. Blair, in his individual capacity and as trustee for any and all persons for whom he holds or claims to hold interest in the leasehold, to the end that all such persons may appear and file their pleadings in

this behalf and assert and set up their claims, rights, and interest, if any they have, in and to said money due the owners of said fund by the defendant Texas Company. Defendant further pleaded that it has not run or transported any oil whatsoever from the lease or from the premises described in plaintiffs' petition otherwise than as stated, nor has it converted to its own use any oil belonging to the plaintiffs herein, but, on the other hand, defendant shows to the court that it has, in good faith and in the usual and ordinary course of business, purchased from the owners, or those purporting to be the owners, an amount of oil amounting in price to $1,006.26.

Defendant filed what is termed a bill of interpleader, and a motion for permission to deposit the money held by it in the registry of the court. The court granted leave for defendant to deposit in the registry of the court said amount so held by it, and ordered process to be issued for the defendant.

Thereupon, Frank B. Blair, individually and as trustee, president, and manager of the Interstate Distributing Syndicate, and Russell W. Carney, O. C. Thomas, W. B. Rollins, Dr. W. B. Tadlock, J. W. Wilkinson, A. P. Hoagland, John R. Offutt, J. J. Hruby, all residents of the state of Missouri, and F. G. Ford, a resident of Wichita county, Tex., answered. The defendants alleged that both the plaintiffs and the defendants named, other than the Interstate Distributing Syndicate, an unincorporated concern, were members of an unincorporated joint-stock company, and that the members of the said syndicate were entitled to their pro rata share of the proceeds of any oil or gas runs from said leasehold, and that the money sued for by plaintiffs is the money due from the sale of oil from a well owned by the syndicate to the Texas Company, defendant here.

We believe the above statement sets out the issues involved in this suit.

The evidence shows that Mrs. Michel had received her one-eighth royalty as owner of the leasehold, and had been paid said royalty by the Texas Company.

The cause was tried before the court without the intervention of a jury, and upon a hearing the court rendered judgment that the plaintiffs, mentioning them, recover of and from the defendant the Texas Company the amount of $1,006.26, the amount admitted by the defendant to be due for oil runs from the leases in controversy, and ordered the clerk to pay over to the plaintiffs said amount so deposited in the registry of the court. The court further allowed said Texas Company the sum of $100 as attorneys' fees, to be taxed as costs, and made a charge upon the registry in the court. The court further found against the interveners, the syndicate and its members, upon their claims against the plaintiffs, and further stated that the defendants

were in all things bound by a certain judgment in cause No. 23320–B, rendered on December 3, 1929, in the district court of Wichita county, in which the same parties were plaintiffs as in this suit, and that plaintiffs are entitled to have their title quieted as to all of the interveners. The court further held and decreed that plaintiffs in this cause herein before named are the owners in their own right of that oil and gas lease and leasehold estate theretofore, on May 6, 1929, assigned and leased by Jessie C. Michel to Frank B. Blair. The plaintiffs were allowed to recover their costs in this behalf expended, and all relief sought by any party not herein specifically provided for was denied.

From this judgment Frank B. Blair, individually and as trustee, president, and manager of the Interstate Distributing Syndicate, and the other intervening defendants, to wit, Russell W. Carney, O. C. Thomas, W. B. Rollins, Dr. B. W. Tadlock, J. W. Wilkinson, A. P. Hoagland, John R. Offutt, J. J. Hruby, and F. G. Ford, in open court excepted and gave notice of appeal to this court.

### Opinion.

 The evidence in this case supports the judgment of the trial court in the holding that the plaintiffs paid a sum aggregating $3,475 in the following amounts:

Clara Hart, $1,000.
J. D. Carney, $1,000.
J. N. Jerome, $850.
H. P. Smith, $425.
G. L. Swackhamer, $200.

That same amounts were all the amounts contributed by any of the stockholders to the drilling of the well. The evidence suggests that the syndicate was engaged in various enterprises, the purchase of leases, the drilling of wells, and other enterprises. Some of these enterprises did not prosper and no funds were derived from them to be divided among the stockholders. The only interest claimed by the plaintiffs in this suit was the title to the lease and the proceeds from the well drilled on the lease in controversy. There was introduced in evidence a judgment rendered on December 3, 1929, in the Seventy-Eighth district court in a cause in which the same parties were plaintiffs as in this suit, and Frank B. Blair, individually, was defendant. In the former suit plaintiffs were allowed to recover the oil and gas lease and leasehold estate, consisting of seven-eighths working interest in the said well, and the title, legal and equitable, to said lease and leasehold estate, was divested out of Frank B. Blair and fully vested in the plaintiffs above named. Judgment by default was taken upon the nonresident service of Frank B. Blair. For some reason, not definitely shown in this record, the plaintiffs saw fit to file a second suit. We are of the opinion that plaintiffs below were not entitled to recover more than the amount they

had expended for the drilling of this well. It is our judgment that plaintiffs are entitled to an equitable lien on the oil and gas runs, to the extent of seven-eighths of such runs, and that the title to the oil and gas runs should be vested in the plaintiffs until the amounts paid by the plaintiffs shall have been collected and received by such plaintiffs. It is the further order and judgment of this court that the title to the leasehold interest involved shall be vested in Frank B. Blair, as trustee of the Interstate Distributing Syndicate, and after plaintiffs have been paid each the amount so advanced, together with interest thereon at 6 per cent., the title to the property is and shall be vested in said Frank B. Blair as trustee of said syndicate.

██ We do not think the prior judgment can be given any effect, as the defendant in the prior judgment was served as an individual only with citation on a nonresident, and plaintiffs had not prior to said service levied any attachment on the lease, nor taken possession thereof by due process of law. A nonresident service does not give the plaintiffs any basis for a personal judgment, and, unless plaintiffs have taken possession of the lease, does not authorize said plaintiffs to acquire any title to the property. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

The judgment below is reformed, and as reformed is reversed and rendered. Costs of this appeal are adjudged against appellees.

#### On Motion for Rehearing.

██ Appellees and appellants have both filed motions for rehearing. It will be remembered that the suit in cause No. 23320, decided by the district court at the December term, 1929, was a suit in trespass to try title of the lease and leasehold estate covering lots 80 to 84, inclusive, and lots 92 to 96, inclusive, and lots 102 to 106, inclusive, and lots 112 to 116, inclusive, of the Acme Oil & Gas Company subdivision of block 1 of the Ward & Todd subdivision of the G. C. & S. F. Survey No. 6, Wichita County. Upon further consideration, we conclude that that suit did not divest title out of Frank B. Blair as trustee, but that it did divest title out of him in his individual capacity. He was not cited as a trustee, but as the individual owner of the land. Therefore, we conclude that the judgment divested title of the land out of Frank B. Blair, individually, and that the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, does not apply to that portion of the suit which sought to divest title out of Frank B. Blair individually.

We conclude that appellants' motion for rehearing should be overruled.

Therefore, the judgment is reformed so as to give the plaintiffs in the court below an equitable lien on the oil and gas runs, to the extent of seven-eighths of such runs, and the title to the oil and gas runs should be vested in the plaintiffs until the amounts paid by the plaintiffs on the well in question shall have been collected and received by such plaintiffs. It is the further order and judgment of this court that the title to the leasehold interest involved shall be vested in Frank B. Blair, as trustee of the Interstate Distributing Syndicate, and divested out of plaintiffs, as individuals, and after plaintiffs have been paid each the amount so advanced, together with interest thereon at 6 per cent., the title to the property is and shall be vested in said Frank B. Blair as trustee of said syndicate. The title of Frank B. Blair, as trustee, is not affected by this reformation of the judgment, but we conclude and hold that his title to any individual interest he had in said title was divested out of him. See Lantry v. Parker, 37 Neb. 353, 55 N. W. 962, by the Supreme Court of Nebraska; Conner v. McAfee (Tex. Civ. App.) 214 S. W. 646, writ of error refused, and Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80.

With this reformation, both motions for rehearing are overruled.