John N. ADAMSON et al., Appellants,

v.

Kenneth BLACKMAR et al., Appellees.

No. 12467.

Court of Civil Appeals of Texas, Austin.

Feb. 2, 1977.

Lloyd Lochridge, McGinnis, Lochridge & Kilgore, and James N. Cowden, Scott & Douglass, Austin, for appellants.

Howard V. Rose, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

O'QUINN, Justice.

Kenneth Blackmar and five other individuals, joined by trustees of the First Baptist Church of Luling, brought this lawsuit in Caldwell County against John N. Adamson and eight other named defendants for declaratory judgment to terminate an oil and gas lease, for accounting, and for other relief.

After trial before the court, judgment was entered in January of 1976 declaring the lease terminated by its own terms in August of 1974, awarding money judgment in the sum of $22,966.59, and granting plaintiffs other relief not pertinent to issues on appeal.

Appeal was perfected in behalf of some of the defendants below. Shortly prior to filing of briefs in their behalf in this Court, attorneys in charge of the appeal learned that two of the defendants named below in the suit, and against whom judgment was rendered, were deceased and had been deceased for more than ten years prior to filing of this action in district court.

Thereafter, in September of 1976, the parties appealing, acting through counsel, filed with this Court, the affidavits of surviving spouses of the two deceased defendants, together with certified records from the probate court of Gregg County, Texas, including death certificates, wills, and probate orders relating to the estates of the deceased defendants.

From the affidavits and probate records attached, it is clear that both J. R. Huckeba and J. E. Adamson, the deceased defendants, died in July of 1964, more than ten

years prior to filing of suit, and that whatever interest the deceased defendants had in the subject matter of this lawsuit passed to their widows, neither of whom was named a defendant below.

Appellants bring three points of error, the first and controlling point being that the trial court committed fundamental error in proceeding to trial and rendering judgment in the absence of joinder of indispensable parties.

Under this point, appellants contend that *on the face of the record* it is evident that J. E. Adamson was deceased at the time this suit was filed, and that by reference to the affidavit of Nora Maxine Huckeba, together with the certified probate records attached, it is evident that J. R. Huckeba was deceased when suit was filed.

The record shows that no service was completed on J. E. Adamson, since the sheriff's return stated that ". . . after due search and diligent inquiry I have been unable to find the within named J. E. Adamson due to: . . . subject named is deceased."

We agree with appellants that, apart from the showing in the affidavits of the surviving widows of J. E. Adamson and J. R. Huckeba, to which certified probate records are attached, it is apparent on the face of the record that the trial court committed fundamental error in rendering judgment against J. E. Adamson. The record reflects no appearance by J. E. Adamson prior to recital of his personal appearance in the trial court's judgment. No answer in behalf of J. E. Adamson was filed, and the record does not indicate his presence or participation at the trial. Only the judgment recites that J. E. Adamson appeared in person and by attorney, a recital in direct conflict with the sheriff's return certifying that no service was had on J. E. Adamson for the reason that he was dead.

■ Appellees urge that the record does not reflect the absence of J. E. Adamson, but on the contrary reflects his appearance because of the filing of various instruments and because the judgment recites his appearance in person and by attorney. This Court recognizes the general rule that when the judgment recites that a party appeared, the recital is presumed to be true. The authorities appellees rely upon, however, consistently deal with circumstances under which no conflict existed between the record and the recitation in the judgment. *Day v. State*, 489 S.W.2d 368 (Tex.Civ.App. Austin 1972, writ ref. n. r. e.); *Smith v. Wood*, 37 Tex. 616 (1872); *Yturri v. McLeod*, 26 Tex. 84 (1861); *Roberts v. Roberts*, 405 S.W.2d 211 (Tex.Civ.App. Waco 1966, writ ref. n. r. e.), 407 S.W.2d 772 (Tex.Sup.1966); *Southwest National Bank v. Cates*, 262 S.W. 569 (Tex.Civ.App. Waco 1924, no writ); *Carter v. Burleson*, 439 S.W.2d 381, 384 (Tex.Civ.App. Houston (14th) 1969, no writ).

■ When a conflict exists between recitals in the judgment and the record itself, as in this case, the presumption of verity in the judgment is rebutted. *San Bernardo Townsite Co. v. Hocker*, 176 S.W. 644, 647 (Tex.Civ.App. Galveston 1915, no writ). The contention of appellees that recitals in a judgment are conclusive invokes a rule applicable only when attack upon the judgment is collateral and not direct. 34 Tex. Jur.2d *Judgments*, sec. 338, p. 338, fn. 7, and cases cited.

■ The attack here is direct, appellants having brought the judgment forward for correction of error, and the rule is that the sheriff's return must prevail over recitations in the judgment which are clearly in conflict with the return, which certifies no service by reason of defendant being deceased. 68 A.L.R. 385, 388, Annotation: *Conclusiveness of recital in judgment as to appearance or service of process*. The rule has been stated by both the Supreme Court and the Court of Criminal Appeals. *Burditt v. Howth*, 45 Tex. 466, 471 (1876) (suit on note); *Saunders v. State*, 86 Tex.Cr.R. 413, 217 S.W. 148 (1919) (appeal from bond forfeiture).

■ Although on *collateral* attack jurisdictional recitals in the judgment import absolute verity, objections in a *direct* attack upon the judgment "would be good . .

in the court which pronounced it [the judgment] or in a higher court, upon appeal, writ of error, or certiorari." *Empire Gas & Fuel Co. v. Albright*, 126 Tex. 485, 87 S.W.2d 1092, 1096 (1935); *Jordan v. Texas Pac. Coal & Oil Co.*, 152 S.W.2d 875, 879 (Tex.Civ.App. Amarillo 1941, writ ref.).

In review of a default judgment, the Supreme Court early held that even though parol evidence, at hearing on motion to set aside the judgment in district court, tended to rebut the officer's return of service, nevertheless the return would import absolute verity and was sufficient to support the judgment. *Gatlin v. Dibrell*, 74 Tex. 36, 11 S.W. 908 (1889).

We hold that the trial court committed fundamental error in rendering judgment against J. E. Adamson, the return of process showing clearly that Adamson was dead and for that reason had not been served. The error appears on the face of the record and was not cured by recitals of appearance in the judgment. The judgment will be reversed and the cause remanded for new trial.

Because this case will be tried again in district court, we now consider the further questions raised by reason of non-joinder of the widows of J. E. Adamson and J. R. Huckeba. It is clear that Mrs. Nora Maxine Huckeba, as surviving spouse of J. R. Huckeba, and Mrs. Nova Ellen Shivers, since remarried, as surviving spouse of J. E. Adamson, have present joint interests under the oil and gas lease sought to be cancelled. We conclude that Mrs. Huckeba and Mrs. Shivers are indispensable parties to this lawsuit such that their non-joinder requires reversal of the judgment and remand of the cause; and that the question of indispensable parties was properly raised for the first time on appeal.

The parties appear to be in agreement that prior to amendment in 1971 of Rule 39, Texas Rules of Civil Procedure, failure to join an indispensable party was fundamental error an appellate court would be required to notice and that jurisdiction over an indispensable party was essential to the trial court's right to proceed to judgment.

See *Petroleum Anchor Equipment Inc. v. Tyra*, 406 S.W.2d 891 (Tex.Sup.1966). After the amendment of 1971 to Rule 39, the parties are agreed that failure to join indispensable parties under the Rule is no longer a jurisdictional defect in all cases, under the holding of the Supreme Court in *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.Sup.1974).

The position of appellants is that although ". . . non-joinder of indispensable parties under Rule 39 will rarely be treated as jurisdictional . . . it is submitted that whether jurisdictional or not such failure gives rise to fundamental error which must be noted by the reviewing court." In support appellants cite *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ.App. Corpus Christi 1975, no writ); *Armstrong v. Armstrong*, 532 S.W.2d 406 (Tex.Civ.App. Eastland 1976, no writ); *In Re Estate of Bourland v. Hanes*, 526 S.W.2d 156 (Tex.Civ.App. Corpus Christi 1975, writ ref. n. r. e.).

■ But appellants insist that Rule 39 is not controlling in this case under the established principle of law that when in conflict with legislative enactment a Rule of the court must yield. *Few v. Charter Oak Fire Insurance Company*, 463 S.W.2d 424 (Tex. 1971). This action was brought for judgment "declaring the termination of the oil and gas lease according to its own terms and conditions." Under section 11, Article 2524–1, of the Declaratory Judgments Act, "When declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the *rights of persons not parties to the proceeding.*" (Emphasis supplied).

The language of the statute is mandatory, not merely directory, and requires that the persons owning interests under the oil and gas lease be made parties before a valid judgment can be rendered in this action. *Few v. Charter Oak Fire Insurance Company, supra; State Board of Insurance v. Betts*, 158 Tex. 612, 315 S.W.2d 279 (1958); *Crickmer v. King*, 507 S.W.2d 314 (Tex.Civ. App. Texarkana 1974, no writ); *Mills v. Howell*, 416 S.W.2d 453 (Tex.Civ.App. Aus-

tin 1967, no writ); *Pan American Petroleum Corp. v. Vines*, 459 S.W.2d 911 (Tex.Civ. App. Tyler 1970, writ ref. n. r. e.).

 Nora Maxine Huckeba and Nova Ellen Shivers, as sole heirs of J. R. Huckeba and J. E. Adamson, were indispensable parties who were not joined. Their joinder is further required by Article 1982, V.A.C.S., which provided that "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, *and the heirs* shall be made parties defendant." (Emphasis supplied). The legislative language makes this statute mandatory, and failure to comply with the article renders the judgment void. *Jones v. Gibbs*, 133 Tex. 645, 130 S.W.2d 274 (1939); *East v. Dugan*, 79 Tex. 329, 15 S.W. 273 (1891); *Allen v. Matthews*, 210 S.W.2d 849, 851 (Tex.Civ.App. Austin 1948, writ ref. n. r. e.).

Aside from the Huckeba estate, as disclosed by the affidavit and attached certified records, the record of this cause on its face shows that J. E. Adamson was deceased, and that neither the representative of his estate, nor his heirs, were made parties defendant. Failure to join John N. Adamson, named a defendant, in his representative capacity, a matter we will next consider, and the additional failure to join the surviving spouse of J. E. Adamson, discloses a failure to join indispensable parties and renders the trial court's judgment void.

Appellees insist that the interests of J. R. Huckeba and J. E. Adamson were represented in this action because the representatives of the respective estates were aware of the litigation. This knowledge is not disclosed by the record, but only by the affidavits of Mrs. Shivers and Mrs. Huckeba, the surviving spouses of the deceased men, which appellees urge may not be considered on appeal. The petition upon which appellees, as plaintiffs below, went to trial fails to name any person or persons in a representative capacity. Only from the affidavits are the facts disclosed that Nora Maxine Huckeba was appointed independent executrix under the will of J. R. Huckeba, and that John N. Adamson suc-

ceeded Nova Ellen (Adamson) Shivers as independent executor under the will of J. E. Adamson. Neither Nora Maxine Huckeba nor Nova Ellen Shivers was named a party defendant, individually or in a representative capacity; nor was John N. Adamson, although sued individually, named in his representative capacity.

 To bind the estates of J. R. Huckeba and J. E. Adamson, the representatives of their estates must be sued and served in their representative capacities, and if judgment is rendered against them, the rendition must be against them in their representative capacities. *DeWitt v. Miller*, 9 Tex. 239 (1852); *Lewis v. Nichols*, 38 Tex. 54 (1873); *Blair v. Carney*, 44 S.W.2d 1031 (Tex.Civ.App. Fort Worth 1931, writ ref.). Appellants disclaim the position, attributed to them by appellees, that they urge failure to join indispensable parties because of the absence of executors, or other representatives, of the respective estates of J. E. Adamson and J. R. Huckeba. Appellants do insist, and we agree with their contention, that error lay in failure to join Nora Maxine Huckeba and Nova Ellen (Adamson) Shivers as the sole heirs, respectively, of Huckeba and Adamson, the deceased.

 It appears settled that the failure to join indispensable parties may be raised properly for the first time on appeal. *Arlington v. Bardin*, 478 S.W.2d 182, 191 (Tex. Civ.App. Fort Worth 1972, writ ref. n. r. e.); *Pan American Petroleum Corp. v. Vines, supra; Davis v. Wildenthal*, 241 S.W.2d 620 (Tex.Civ.App. El Paso 1951, writ ref. n. r. e.). Decisions subsequent to *Cooper*, noted *supra*, have held that failure to join indispensable parties, where truly indispensable, as in this case, is fundamental error that must be noted by an appellate court. *Airport Coach Service, Inc. v. City of Fort Worth*, 518 S.W.2d 566 (Tex.Civ.App. Tyler 1974, writ ref. n. r. e.); *In Re Estate of Bourland v. Hanes, supra; Crickmer v. King, supra*. In both *Crickmer* and *Airport Coach* declaratory judgments were sought and it was held that failure to join indispensable parties constituted jurisdictional defects rendering the judgment void.

Appellees urge that inclusion of the name of J. E. Adamson in the notice of appeal, and in a request for findings of fact and conclusions of law, will in either instance constitute an appearance on his part, giving personal jurisdiction for the judgment previously rendered. Where service is not completed, or is fatally defective, appearance is not made thereafter by excepting, after judgment, to the judgment and giving notice of appeal. *Llano Improvement & Furnace Co. v. Watkins*, 4 Tex.Civ. App. 428, 23 S.W. 612 (Austin 1893, writ dism'd). That such defendant, after judgment, filed a motion for new trial, excepted to the judgment, and gave notice of appeal, would not constitute an appearance or waiver of citation was held in *Peterson & Tvrdik v. Mueller-Huber Grain Co.*, 58 S.W.2d 890, 892 (Tex.Civ.App. Beaumont 1933, no writ).

Insisting that J. E. Adamson, a dead man under the record of this case, made an appearance, appellees rely on *Holland Page, Inc. v. Capitol Truck and Trailer Company, Inc.*, 518 S.W.2d 441 (Tex.Civ.App. Beaumont 1974, writ ref. n. r. e.), in which the party actually appeared, as evidenced by the record. Appellees also rely on the authority of *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank and Trust*, 476 S.W.2d 97 (Tex.Civ.App. Corpus Christi 1972, no writ), in which the court held that prosecution of appeal was appearance only of the appeal and in "further proceedings" on remand of the cause. But, there too, the party was a live person.

The patent absurdity of insisting that a man dead before suit was brought is a proper party to a suit, in the face of showing that he is not alive, was considered in an opinion by Judge Frank A. Williams while an associate justice of the Galveston Court of Civil Appeals. In that case Judge Williams said in part, "The existence of a party is essential to the jurisdiction of a court in a suit against him. If he is dead, the court has no power to determine that he is alive. Being dead, he is not and cannot be a party, and hence the judgment of the court is necessarily null, unless it is true that jurisdiction over a party is not essential to the validity of the judgment." *M. T. Jones Lumber Co. v. Rhoades*, 17 Tex.Civ. App. 665, 41 S.W. 102, 105 (Galveston 1897, writ ref.).[1]

We have examined all points of error brought by appellants and the counterpoints presented by appellees. In view of the fact that we find it necessary to reverse the judgment of the trial court and remand the cause for new trial, on the holdings already stated and for the reasons expressed in connection with the holdings, we do not reach the remaining points and counterpoints not examined in connection with our decisions on the matters we regard as controlling.

The judgment of the trial court is in all things reversed, and the cause is remanded for new trial.

---

1. The treatment of this subject by Judge Williams is learned and extends through nearly five columns of the reported opinion. Judge Williams served on the Galveston court (1892–1899) and later was Associate Justice of the Supreme Court (1899–1911). The late Judge Ocie Speer, in his scholarly volume *Texas Jurists* (1936), briefly notes Judge Williams' logical examination of *res judicata* in *Moore v. Snowball*, 98 Tex. 16, 81 S.W. 5, 9 (1904), and his concept of police power as found in *H. & T. C. Ry. Co. v. City of Dallas*, 98 Tex. 396, 84 S.W. 648, 653 (1905).