In the Matter of EUGENE F. McGEE, Appellant.
ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK,
Respondent.

*Attorneys — order of disbarment affirmed.*

Matter of McGee, 211 App. Div. 650, affirmed.

(Argued March 29, 1926; decided May 4, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 17, 1925, disbarring the appellant from practice and directing that his name be stricken from the roll of attorneys and counselors at law in the State of New York.

*I. Maurice Wormser, Peter J. Baxter* and *Clark L. Jordan* for appellant.

*Einar Chrystie* for respondent.

Order affirmed; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Not voting: HISCOCK, Ch. J.

---

WILLIAM J. SCHIEFFELIN, Respondent, *v.* DOMINICK
HENRY et al., Appellants.

*Constitutional law — taxpayer's action — municipal corporations — police — invalidity of statute authorizing municipality to reimburse police officer for expense incurred in defending himself from criminal prosecution.*

Schieffelin v. Henry, 215 App. Div. 706, affirmed.

(Argued March 30, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 25, 1925, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion for judgment on the pleadings in a taxpayer's action against the comptroller and chamberlain of the city of New York and Dominick Henry, an inspector of police, to secure an injunction preventing the officials of the city from paying pursuant to a resolution of the board of estimate and apportionment

of the city of New York, the sum of·$29,880.60 to defendant Henry, to reimburse him for expenses incurred in defending himself against criminal prosecutions. The auditing and allowing of Henry's claim by the board of estimate and apportionment was specifically authorized by chapter 758 of the Laws of 1923, which authorization, however, the plaintiff claimed to be unconstitutional.

*George P. Nicholson,* Corporation Counsel (*Martin Conboy* and *Henry T. Hall* of counsel), for appellants.

*Leonard M. Wallstein* and *Ralph M. Frink* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GEORGE M. CLOUGH, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

*Undertaking — sureties — debtor and creditor — action to recover upon undertaking given to secure return of judgment debtor to custody of sheriff — sufficiency of demand for surrender.*

*Clough* v. *United States F. & G. Co.,* 215 App. Div. 790, affirmed.

(Argued March 30, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1926, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon an undertaking given October 16, 1918, whereby defendant agreed that if a judgment debtor did not surrender into the custody of the sheriff within fifteen days after written demand, defendant would pay to the attorney of plaintiff's assignor five thousand dollars, waiving all technical defenses. The assignor from time to time made demand upon defendant to surrender the judgment debtor but upon payment of small amounts on the judgment withdrew such demands. Finally in April, 1923, the judgment debtor disappeared and this action was brought to recover on the undertaking. The defenses were that the undertaking given in 1918 required