## LOGUE v. PERRY.
### No. 13013.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 16, 1933.

Rehearing Denied Feb. 3, 1934.

Smoot & Smoot, of Wichita Falls, for appellant.

T. A. Hicks, K. Peery, and John C. Kay, all of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is an appeal from a temporary order enjoining appellant from closing a way from land of appellee across appellant's rented land to the highway. Both tracts were of common source of title; the owner having given a mortgage on appellee's land to appellee and a mortgage on appellant's land to its present owner from whom appellant rents. On foreclosure the respective mortgagees purchased the respective tracts, at which time the way existed. It remained so for a year of the tenure of appellant, when he attempted

to close same and cultivate the ground theretofore used for such way.

Without attempting to discuss the analysis of the case as made in appellant's brief, we note that appellant's landlord has been at all times and is willing for such way to be continued; that such way was open, visible, and in regular use when appellant rented the tract.

A wise discretion must be exercised by the trial judge in making a temporary order, and the balance of convenience in seeking status quo is often of great weight. City of Amarillo v. Garwood (Tex. Civ. App.) 63 S. W.(2d) 888.

Here, if the way is left open, the only loss appellant sustains is the crop to have been raised from the soil of such way. To protect him against such loss, which can be ascertained in money, the bond of appellee is ample. On the other hand, if appellee is cut off from the road, he must seek the permission of his neighbors to cross their lands to the highway, a permission uncertain of existence or duration and which we cannot presume will be sufficient. We believe in such case the order of the trial court fulfills the boast of equity.

Affirmed.