## H. J. (JAP) LOWE ET AL V. CITY OF DEL RIO.

No. 7378. Decided December 7, 1938.
(122 S. W., 2d Series, 191.)

*John L. Dodson,* of Del Rio, for plaintiffs in error.

*Conger, Lowe & Spears,* of San Antonio, *Wallace & Thurmond,* of Del Rio, for defendants in error.

*Leake, Henry & Young,* of Dallas, filed written argument, as amicus curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an appeal from an interlocutory order granting a temporary injunction against the City of Del Rio, Texas, its officers and agents, restraining the payment of certain bonds and warrants issued by such city. It was contended by the plaintiffs in the district court that such bonds and warrants are void and do not constitute valid obligations of the City. The trial court granted a temporary injunction, restraining the payment of such bonds and warrants until the matters in controversy should be finally determined. The City appealed to the Court of Civil Appeals, and that court affirmed in part and reversed in part the judgment of the trial court. 111 S. W. (2d) 1208. A writ of error was granted.

The record before us discloses that many of the holders of the bonds and warrants involved have not been made parties to this suit. We also find that such holders who were made parties have not been served with citation and have not answered. This suit being for the cancellation of the bonds and warrants· issued by the City, the owners and holders of such bonds and warrants are necessary parties to a suit to cancel same; Board ·v. Texas· & P. Railway Co., 46 Texas 316; Dwyer v. Hackworth, 57 Texas 245, 251; Buie v. Cunningham, 29 S. W.

801; Tax Payers Assn. v. Houston Independent School District, 81 S. W. (2d) 815; Adams v. Bankers Life Co., 36 S. W. (2d) 182; Camp v. Thomas, 26 S. W. (2d) 470 (writ of error refused) ; Texas Jurisprudence, Vol. 34, p. 692, Vol. 32, p. 128.

In view of the state of this record, we deem it advisable not to pass on the validity of the bonds and warrants, the owners of which have been given no opportunity to be heard in court. Therefore we express no opinion as to the merits of the case or any part thereof.

The judgment of the Court of Civil Appeals is reversed, and the case is remanded to the district court for further proceedings, with instructions that the temporary writ of injunction issued by the trial court shall continue in force, subject to the orders of the trial court, until there is a final judgment upon the merits of the case.

Opinion delivered December 7, 1938.