## SOUTH END DEVELOPMENT CO. et al. v. HOLLAND et al.

### No. 12450.

Court of Civil Appeals of Texas. Galveston.

May 7, 1952.

Vinson, Elkins & Weems, Wm. Browder, Jr., all of Houston, for relators South End Development Co. and S. N. Adams.

Fred Much, Houston, for relator Olson Const. Co.

Fulbright, Crooker, Freeman & Bates and Walter J. Morrison, Jr., all of Houston, for respondents.

GRAVES, Justice.

This is an original application for writs of mandamus and prohibition, filed by relators against the respondents, restraining the 127th District Court of Harris County and Hon. William M. Holland, Judge thereof, from proceeding to a trial, set therein, for May 12, 1952, of cause No. 389,481 upon the docket thereof, styled Southampton Extension Civic Club et al. v. South End Development Co. et al., until other parties

have been brought into such proceeding in that court.

The record brought here accompanying the application shows that the suit has to do with the application of certain restrictions placed by its founders upon an addition to the City of Houston, known as Southampton Place Extension.

The parties thereto upon both sides being the owners or holders of various lots in the addition, and the major controversy, under the pleadings, having to do with what construction should now be given—as between such parties—to the restrictions so originally placed upon the lots by the founders of the addition in 1925, under such changes, if any, and modifications, if any, as have been brought about since such original date, especially by an alleged action upon the part of 44 out of a total of 141 owners of lots in the addition to extend the original restrictions for an additional period of 25 years, from and after June 30th of 1950.

The writs will be issued substantially as prayed for, upon considerations, which, in quite brief substance, may be stated this way:

The litigating ones—that is, about 60 out of a total of 155 lot owners—of the respondents here were plaintiffs in the suit below against the relators · here, as defendants, who were jointly interested in only one of such lots.

Such litigating-plaintiffs in the suit sought a construction of all the extended restrictions, claimed by them to be applicable to such Southampton Place Extension as originally so created, and also of the claimed extension thereof referred to as of June 30, 1950, and further sought an injunction against relators as to the use of Lot 5, in Block 1, of such addition, claimed by them to be contrary to the terms of such stated restrictions.

As a part of the objectives of the suit, such plaintiffs further sought a declaratory judgment of the trial court, finding that the use then being made by one of the relators, of such Lot 5, constituted a violation "of the restrictions applicable to said Lot, and to said Addition," and, further, praying for an injunction restraining such claimed violations of the declared upon restrictions.

In their answers to such suit, these relators here plead, in abatement thereof, that there was a nonjoinder of parties, both plaintiff and defendant therein, that 111 owners of lots in the addition, whose right of use and ownership of such lots would necessarily be permanently affected by the resultant suit, had not been made parties thereto; further, that 4 lot owners in the subdivision, who owned a majority of the lots in Block 1 of the addition, fronting on Rice Boulevard and the 2300 block thereof, had attempted to cancel any extension or application of the claimed restrictions to their property, thereby making a construction of the restrictive provisions determinable as of the present date, and only one of such lot owners, i. e. relator S. N. Adams, had been made a party to such suit.

Wherefore, it seems plain to this Court that such action so pending in the court below is not on a parity with the ordinary and usual suit to enforce restrictions—indeed, it appears that these particular restrictions have not before been the subject of construction by any court.

█ It is held that this Court has jurisdiction to prevent trial of the cause until, and unless, all necessary parties thereto are made, pursuant to the principles of equity and our Rules of Civil Procedure.

█ Further, that those persons who were parties to the contract with relator S. N. Adams, of June 23, 1950, wherein they agreed together that the restrictions originally imposed upon this addition should not be extended but should be canceled, terminated, and revoked against those lots on Rice Boulevard so owned by such signers, as of the date of such contract, were necessary and indispensable parties to the cause; further, that those other persons shown to have joined with respondents E. R. Richardson and others in the contract of June 30, 1950—in sum, decreeing that the original restrictions upon the addition should be extended for an additional period .

of 25 years beyond June 30, 1950—were also necessary and indispensable parties.

These authorities are cited in support of the order here made, to-wit: Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Spelling, Extraordinary Relief, vol. 2, § 1375; Gulf C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897; Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 281 S.W. 843; Arberry v. Beavers, 6 Tex. 457; Pickens v. Ryan Consol. Petroleum Corp., Tex.Civ.App., 219 S.W.2d 150 (Writ of Error refused, N.R.E.); Lowe v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191; City of Houston v. Allred, 123 Tex. 35, 66 S.W.2d 655; O. K. Theatres, Inc. v. Johnson, Tex.Civ. App., 145 S.W.2d 628; Morgan v. Woodruff, Tex.Civ.App., 208 S.W.2d 628; Knioum v. Slattery, Tex.Civ.App., 239 S.W. 2d 865 (Writ of Error refused).

Relators' application for writs of mandamus and prohibition granted.