Elizabeth **GEHRKE** et al., Appellants,

v.

**STATE** of Texas et al., Appellees.

No. 13331.

Court of Civil Appeals of Texas.

San Antonio.

July 16, 1958.

Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

Hall, Rawlins & Hall, Edinburg, Hill, Lochridge & King, Mission, C. A. Edwards, Carter Howard, Edinburg, G. Bruce Mallum, Tad Weaver, Fort Worth, for appellees

POPE, Justice.

■ This is an appeal from an order of dismissal of plaintiffs' action. Elizabeth Gehrke and others, in 1950, filed suit in trespass to try title against the State of Texas and others, to recover 25 acres of land which plaintiffs claim was sold for taxes in 1941 under a void judgment. Some of the defendants filed their plea in abatement to plaintiffs' action and alleged that the property in 1950, and before plaintiffs filed their suit, was unitized for the production of gas on a 640-acre tract. Defendants thus invoked the rule of Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, which holds that the unitization agreement effected a cross-assignment by the owners of the several tracts. Defendants prayed that the suit be abated until necessary parties, the owners of the whole unitized tract were joined. The record does not show the court's order on this plea, but plaintiffs, on October 26, 1956, made a conditional ratification of the lease and gas unitization agreement. On April 15, 1957, plaintiffs filed a pleading signed by their attorney which unconditionally ratified the gas unitization agreement. A ratification of the unit excuses the joinder of all the parties to the unit and narrows the controversy. Petroleum Producers Co. v. Reed, 135 Tex. 386, 144 S.W.2d 540; Fussell v. Rinque, Tex.Civ.App., 269 S.W.2d 442; Sohio Petroleum Company v. Jurek, Tex.Civ. App., 248 S.W.2d 294; Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847.

■ Defendants then filed a motion to dismiss plaintiffs' suit. The motion to dismiss first stated that the plaintiffs' pleading failed to comply with the order of the court which sustained the former plea in abatement. The record contains no order of any kind on the plea in abatement. The motion next stated that the pleading was not an unconditional ratification, and that it might be withdrawn at any time prior to judgment. The court, however, controls the judgment, and if plaintiffs should withdraw the ratification, the suit would again be abated because of the absence of necessary parties. A pleading has been deemed sufficient to constitute a ratification. Hutchins v. Birdsong, Tex.Civ.App., 258 S.W.2d 218; Hudson v. Newell, 5 Cir., 172 F.2d 848, 174 F.2d 546.

■ The third and final point stated in defendants' motion to dismiss was that the pleaded ratification is totally insufficient in law and in equity. This is briefed under the point that the attorney, instead of the parties, signed the pleading of ratification, and that the attorney was unauthorized to do so. This is a general demurrer and is the kind of blind attack which was abolished by Rule 90, Texas Rules of Civil Procedure. Moreover, had an exception been properly leveled against the pleading and sustained, plaintiffs should be granted time to amend.

The judgment is reversed and the cause remanded for trial.