Carl THOMAS, Appellant,

v.

Lauril M. ALLIS, Appellee.

No. 131.

Court of Civil Appeals of Texas.

Tyler.

March 18, 1965.

Rehearing Denied April 15, 1965.

————◆————

Ronald L. Neill, Carrington, Johnson & Stephens, Dallas, for appellant.

William B. West, III, Allen Butler, William M. Ravkind, Clark, West, Keller & Clark, Dallas, for appellee.

MOORE, Justice.

Plaintiff, Lauril M. Allis and her husband, Louis Allis, Jr. formerly resided in Collin County, Texas, where they owned and operated the Rolling Hills Ranch. Louis Allis, Jr. moved to the state of Nevada and thereafter in June, 1963, filed an action for divorce against Mrs. Allis. Both parties appeared in that court and went through a lengthy trial, but for some unexplained reason the judgment in that cause has never been entered. Subsequently, while the matter was still pending in Nevada, Mrs. Allis, as plaintiff, filed suit against her husband in the District Court of Collin County, Texas, in Cause No. 26370, styled Allis v. Louis Allis, Jr. and Western Farms, Ltd., a Nevada Corporation, seeking a declaration and adjudication of her interest in and to the Rolling Hills Ranch and the cattle located thereon. That suit was later removed to the United States District Court for the Eastern District of Texas where it is now pending. Shortly after instituting that suit, Mrs. Allis filed the present action for injunction against Carl Thomas only, alleging that: "Defendant Carl Thomas has been granted authority by Louis Allis, Jr. or Louis Allis, Jr.,

d/b/a Rolling Hills Ranch, or Western Farms, Ltd., or both of them, to buy and sell cattle for their account and for their benefit. Unless Defendant Carl Thomas is restrained and enjoined from engaging in such transactions he will sell said cattle for the account of Louis Allis, Jr. or Louis Allis, Jr., d/b/a Rolling Hills Ranch, or Western Farms, Ltd., or both of them, or for his own account, and Plaintiff will be deprived of her interest in said cattle. Plaintiff cannot enjoin the Defendants in Cause No. 26370 from selling said cattle because they are not residents of the State of Texas or are outside the territorial limits of the State of Texas and therefore not subject to the jurisdiction of its Courts. * * * Unless Defendant Carl Thomas is restrained from making said sales, he will do Plaintiff irreparable injury, for which, for the reasons stated herein, there is no adequate remedy at law." Plaintiff's petition makes it clear that her cause of action for injunction is ancillary to Cause No. 26370, wherein she seeks an adjudication of her property rights.

In reply thereto, defendant filed an unsworn answer alleging the granting of an injunction of him alone would not prevent Louis Allis, Jr. or Western Farms, Ltd. from disposing of the cattle and hence would amount to a vain and useless act which would deprive him of his employment and in turn deprive the cattle of attention and care, resulting in harm and damage to the subject matter of the suit.

After a full hearing, the trial court entered an order temporarily enjoining Carl Thomas from selling, attempting to sell, delivering for sale or otherwise removing cattle from the Rolling Hills Ranch pending a final determination of Mrs. Allis's property rights therein, conditioned on the filing of a $5,000.00 bond. It is undisputed that Carl Thomas was employed by Louis Allis, Jr. as foreman of the ranch and had been authorized by Allis to sell cattle at his discretion, deposit the proceeds in the bank, and to draw drafts upon the bank account in payment of his salary in the sum of

$300.00 per month and pay other expenses in connection with the operation of the ranch.

Thomas first contends that the judgment should be reversed because of plaintiff's failure to join necessary parties. He argues that since Louis Allis, Jr. and Western Farms, Ltd. owned an interest in the cattle, their interest would be effected by the suit and they should have been joined as party defendants. He further contends that unless they are joined, the granting of the injunction against him alone would be a futile and useless act and would afford no protection to the plaintiff in that Louis Allis, Jr. or Western Farms, Ltd. could sell the cattle and thus avoid the effect of the injunction. We are not in accord with this view.

■ The argument would ignore the fact that Mrs. Allis sought to enjoin Thomas not only in his capacity as agent, but also sought to enjoin him individually from selling the cattle and converting the proceeds to his own account. In this respect it cannot be said that the order restraining the threatened conversion amounts to a futile or useless act. The proof shows that the cattle was a part of the community estate of Mrs. Allis and her husband. Thomas admits that he will sell the cattle unless restrained. In addition to requesting that he be restrained in his capacity as an agent, plaintiff sought to prevent him from converting the cattle to his own use and benefit. In order to protect her property rights, plaintiff had a right to seek injunctive relief against Thomas to prevent him from converting her property and in so doing would not be required to join the other co-owners as party defendants. Acme Cement Plaster Co. v. Keys, Tex.Civ.App., 167 S.W. 186.

■ But even though Louis Allis, Jr. and Western Farms, Ltd. were necessary parties since each of them were non-residents and without the jurisdiction of the court, plaintiff would not be required to join them before being entitled to equitable relief in order to protect her property rights.

■ One with valuable property rights which need preservation pending a final determination on a final trial need not join all necessary parties before he can get temporary orders protecting his rights therein. If this were the rule, his right might be lost before the parties could be found and joined. Littlejohn v. Finder, (Tex.Civ.App.) 348 S.W.2d 237; citing Lowe v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191; Lowe and Archer, Texas Practice, § 323.

Defendant next contends that the granting of the temporary injunction constitutes an abuse of discretion because it does not maintain the status quo but only works an undue hardship on him. He argues that if he is prohibited from selling the cattle, he will be deprived of his livelihood and required to terminate his employment which would result in injury and damage to the cattle.

■ It is well settled that the granting or refusing of a temporary injunction is within the sound discretion of the trial court. The action of the trial court will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. The scope of appellate review is limited to the narrow question of whether or not the trial judge's action was a clear abuse of discretion. Lone Star Mining Company, Inc. v. Texeramics, Inc., (Tex.Civ.App.) 340 S.W.2d 871; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589. The pleadings and the evidence clearly show that the injunctive relief requested by the plaintiff was ancillary to Cause No. 26370, styled Allis v. Allis, et al., originally filed in the District Court of Collin County and is now pending in the Federal Court. That controversy involves a bona fide dispute between the plaintiff and her husband with respect to their property rights in the cattle. Thomas was not a party to that

suit and does not claim any property right in the subject matter involved. As between the owners, the order effectively preserves the status quo of the property pending a final determination of the question of title and possession and was therefore properly granted. Needham v. Arno Co-op. Irr. Co., (Tex.Civ.App.) 196 S.W. 887; Zanes v. Mercantile Bank & Trust Co. of Texas, (Tex.Civ.App.) 49 S.W.2d 922; and City of Dallas v. Wright, 120 Tex. 190, 36 S.W. 2d 973, 77 A.L.R.2d 709.

 Even though the result of the order may tend to work a hardship upon defendant, such would not be a sufficient reason to deny the plaintiff protection of her property rights pending final determination by the court. The balance of convenience seeking to maintain the status quo is often of great weight. City of Amarillo v. Garwood, (Tex.Civ.App.) 63 S.W.2d 888; Logue v. Perry, (Tex.Civ.App.) 67 S.W.2d 1047.

By his final point defendant contends that the court erred in granting the injunction because plaintiff had a remedy at law, which was as complete and adequate as the equitable remedy of injunction; that is, under the facts alleged, plaintiff could have applied for a writ of sequestration or sued for damages. The point is thought to be without merit.

"It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994, 995.

The subject matter of the main suit now pending before the Federal Court involves the question of title and possession of the cattle. The question has not yet been determined.

If, therefore, the issue in the main case involves the question of title and possession to specific property, then obviously neither the legal remedy of sequestration nor damages can adequately protect the plaintiff. Both remedies would ultimately subject plaintiff to the possibility of having to accept damages in lieu of the cattle for which she sues. Therefore, since the legal remedies are inadequate, the trial court properly granted equitable relief, maintaining the status quo and retaining jurisdiction over the property pending final determination of the question of title and right of possession. Frisby v. Rockins, (Tex.Civ. App.) 105 S.W.2d 362; Davis v. Gillen, (Tex.Civ.App.) 227 S.W.2d 834.

The judgment of the trial court is affirmed.