**GENERAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Zelda W. CASPER, Appellee.**

**No. 311.**

Court of Civil Appeals of Texas.

Tyler.

March 28, 1968.

Rehearing Denied April 18, 1968.

Perkins & Perkins, William Drew Perkins, Lufkin, for appellant.

R. W. Fairchild, Nacogdoches, for appellee.

DUNAGAN, Chief Justice.

This is a workmen's compensation case. Zelda Casper, on a jury verdict, recovered compensation for benefits for total permanent incapacity beginning on December 11, 1965, resulting from an injury in the course of her employment sustained on April 1, 1964.

From an award of the Industrial Accident Board of Texas, appellee filed suit in the District Court of Nacogdoches County, Texas, on October 16, 1964, for benefits for permanent total incapacity. In her pleadings, she did not allege that she was or was not a feme sole.

This case was tried before a jury. Upon the jury findings, the court rendered judgment for appellee, Zelda Casper. From this judgment, appellant has duly and timely perfected its appeal to this court.

On the third day of the trial of this case, after both parties had rested, appellant presented to the trial court its motion for the court to declare a mistrial and abate the suit on the ground that Zelda Casper was married to Odis Moore at the time this cause of action arose and at the time of the alleged injury, April 1, 1964, and that Odis Moore was therefore an essential and necessary party, which motion the court overruled and appellant duly excepted thereto. Odis Moore was not a party to the suit. He did not file a plea in abatement or any other pleading in the case.

Odis Moore and appellee were first married in 1962. During the trial of this cause, Zelda Casper consistently maintained that she was single on April 1, 1964—that she had been divorced by Odis Moore before that time.

However, on the last day of the trial, appellant produced and offered in evidence a certified copy of a judgment of the District Court of the 55th Judicial District, Harris County, Texas, reflecting that a divorce in the case of Odis Moore v. Zelda W. Moore, No. 640–980, was granted on June 29, 1964, to Odis Moore. The judgment in such divorce action recites: "The Court further finds that there was no community property accumulated during this marriage."

Even though appellant brings forward three points of error, the controlling question to be decided is whether Odis Moore is a necessary or indispensable party to this suit.

Appellant asserts that because Zelda Casper was married to Odis Moore at the time she sustained her injury, which gave rise to her cause of action, Odis Moore is a necessary or indispensable party to the litigation.

In answer to issues submitted to them, the jury found that Zelda Casper sustained an accidental injury in the course of her employment on April 1, 1964; that she sustained total incapacity as the result of such injury; that such total incapacity began on December 11, 1965; that such total incapacity from such date was permanent; that she sustained no partial incapacity as a result of such injury; and that manifest hardship and injury would result if her compensation was not paid in a lump sum.

In view of the record in this case, it must be held as a matter of law that Zelda Casper and Odis Moore were not divorced until June 29, 1964.

It is clear that, under Texas law, workmen's compensation benefits for incapacity by reason of a general injury that *accrues during marriage* constitute community property. Piro v. Piro, 327 S.W.2d 335 (Tex. Civ.App., 1959, Fort Worth, writ dism.); Speer's Marital Rights in Texas, Vol. I, page 638, Sec. 432; 30 T.J.2d, page 131, Sec. 74.

The verdict of the jury establishes that Zelda Casper's incapacity did not begin until December 11, 1965. In view of the fact that the 1962 marriage of Zelda Casper and Odis Moore had been dissolved by a divorce decree on June 29, 1964, which was subsequent to any benefits that had accrued to Zelda Casper by reason of her injury, it is thus established that Odis Moore had no community interest in the benefits for the incapacity of appellee resulting from the injury of April 1, 1964, by reason of the 1962 marriage. No cause of action arose by reason of appellee's injury until some incapacity to appellee resulted therefrom.

However, it developed upon the trial of this case that Zelda Casper and Odis Moore remarried on January 1, 1965, but that she remained with him thereafter only a very short time. Upon the trial of this case, she testified that she was not married. The following testimony of Mrs. Casper found in the record concerns the basis for her testimony that she was not married:

"Q And when were you and Mr. Moore divorced?

"A I was in Conroe and I received some papers in the mail and I signed them.

"MR. FULMER: You notice he asked you when, if you know when it was say so.

"A It was in January, just what day, it was January of this year.

"Q All right. I take it from that that you never have gone to Court to divorce him?

"A No.

"Q And you are assuming that he has gone to Court and divorced you?

"A Yes.

"* * *

"Q Did you ever, you signed, do you remember whether or not the papers you signed, a waiver?

"A Well, it was several papers saying he wanted a divorce and my signature."

She testified that later Odis Moore told her he had gotten a divorce. The evidence shows that the signature of Mrs. Casper to the papers (presumably waiver of service) was not notarized as required by Rule 119, Texas Rules of Civil Procedure, nor did she at any time thereafter receive a copy of a divorce decree granting Odis Moore a divorce as required by Rule 119a, T.R.C.P. As we view this record, there is no competent evidence that the 1965 marriage of Zelda Casper and Odis Moore has actually been dissolved by a divorce decree. In the absence of such evidence, the presumption is that this marriage continued to exist at the time of trial and rendition of judgment in this case. The jury having found that the benefits for the incapacity of

appellee accrued after and during the 1965 marriage of appellee and Odis Moore, the accruing benefits would be community property of said parties.

Appellee contends that the plea in abatement was not timely filed and therefore appellant waived its right to file such plea.

■ If Odis Moore is an indispensable party to the suit, the court was in error in proceeding in his absence and such was fundamental error which could and should be noticed by this court on its own motion. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup., 1966); Adams v. Bankers' Life Co., 36 S.W.2d 182 (Tex. Com.App., 1931, holding approved). "Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter." Petroleum Anchor Equipment, Inc. v. Tyra, supra, and cases therein cited.

■ "An indispensable party is defined as 'a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest.'" Hollar v. Jowers, 310 S.W.2d 721 (Tex.Civ.App., Eastland, 1958, writ ref., n. r.e.); see 67 C.J.S. Parties § 1, page 892; Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472.

The Supreme Court in the Tyra case said: "Decision of any question of necessary parties to a suit should be made in light of the provisions of Rule 39, Texas Rules of Civil Procedure."

Rule 39, entitled "Necessary Joinder of Parties", reads:

"(a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties.

"(c) Names of omitted persons and reasons for non-joinder to be pleaded. In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties, if complete relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted."

The Supreme Court in the Tyra case in discussing Rule 39 also said: "It is at once apparent that the 'necessary' parties of which the rule speaks fall into two categories: (1) those who under paragraph (a) '*shall* be made parties,' and (2) those who under paragraph (b) 'ought to be parties if complete relief is to be accorded between those already parties.' It is also at once apparent that 'persons having a joint interest' within the meaning of paragraph (a), properly interpreted, are *indispensable* parties, but that those who simply ought to be joined if complete relief is to be accorded between those already parties are not *indispensable*."

■ An indispensable element of "community property" is the joint ownership of or interest in such property by a husband and wife. George v. Taylor, 296 S.W.2d 620 (Tex.Civ.App., Fort Worth, 1956, writ ref., n.r.e.); Dillard v. Dillard, 341 S.W.2d 668 (Tex.Civ.App., Austin, 1960, writ ref.,

**610**

n.r.e.); Bridges v. Commercial Standard Ins. Co., 252 S.W.2d 511 (Tex.Civ.App., Eastland, 1952, n.w.h.).

■ Any portion of the compensation benefits *that accrued to appellee during the marriage* of her and Odis Moore is community property in which they have a *joint interest.* It is thus clear that if the 1965 marriage of the appellee, Zelda Casper, and Odis Moore has not been dissolved by a divorce decree or otherwise prior to December 11, 1965, appellee and Odis Moore would have a joint interest in the compensation benefits that appellee may .be entitled to which *accrued during their marriage.* Consequently, Odis Moore would be an indispensable party to the litigation for such benefits.

■ Appellee does not claim that Odis Moore obtained a divorce decree dissolving the 1965 marriage until sometime in January, 1966, or sometime thereafter. Thus it is established by her own testimony that at least a portion of the benefits are community property, the incapacity of appellee having been found by the jury to have begun December 11, 1965. Piro v. Piro, supra; Speer's Marital Rights in Texas, Vol. 1, page 638, Sec. 432. The trial court could not determine his interest in the benefits which accrued to appellee without him being a party. National Educators Life Insurance Company v. Master Video Systems, Inc., 398 S.W.2d 358, 366 (Tex.Civ.App., 1965, Corpus Christi, writ ref., n.r.e.). We hold that Odis Moore is an indispensable party. Proceeding to judgment in the absence of Odis Moore as a party after it was brought to the attention of the trial court that he was an indispensable party was fundamental error which this court could and should take notice of on its motion.

Therefore, Odis Moore being an indispensable party, we must reverse and remand this case to the trial court for further proceedings.

Judgment reversed and remanded.