**BRADCO OIL & GAS CO., Appellant,**

v.

**A. H. ROWAN et al., Appellees.**

**No. 15400.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 30, 1968.

Rehearing Denied Jan. 30, 1969.

Fred A. Collins, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Raybourne Thompson, W. H. Drushel, Jr., Houston, Jimmy Phillips, Jr., Angleton, for appellees.

PEDEN, Justice.

Suit for declaratory judgment based on a contract. Holders of 53% of the working interest in certain oil and gas producing properties brought this action against Bradco, the appellant, seeking judgment that they were entitled under their operating agreement to remove Bradco as operator of the properties and to substitute as operator A. H. Rowan, one of the parties plaintiff. From a summary judgment in favor of the plaintiffs and from the overruling of Bradco's plea in abatement, Bradco has perfected its appeal.

Appellees based their plea for a declaratory judgment on one of the provisions of Paragraph 3 of Section IV of the operating agreement:

"* * * (4) if a majority of the working interest owners shall notify in writing all other working interest owners, including Operator, of their demand for a change in Operator, a new Operator, shall be selected. When a new Operator is to be selected, the parties hereto shall, by a vote of a majority, select from their number such new Operator, with the same duties and responsibilities, and subject to the same conditions for removal as are prescribed for the original Operator. A 'majority' of the working interest owners as used in this paragraph means parties who own more than 50% of the working interest and who are more than six (6) in number. The selection of a new Operator shall be evidenced by written notice given to the party to be succeeded as Operator and signed by the owners of at least a majority of the working interest owners, which notice shall also state the effective date of the change of Operators which shall not be later than the first day of the calendar month next following the expiration of sixty (60) days after the giving of such notice."

At the heart of the controversy is the parties' dispute as to whether a new operator can be selected by more than 6 who now own working interests (as appellees assert) or can it be done only by the owners of more than 6 of the working interests in existence when the agreement was executed (as appellant alleges)?

Such agreement was executed in 1956 by the 19 owners of working interests in the properties. Since then a number of working interests have changed hands, and the number of owners has increased to 38.

Bradco's first point of error states that the trial court should have sustained its plea in abatement which asserted that not all of the parties to the contract were made parties to the suit and that indispensable parties were not before the court.

Owners of almost 40% of the working interest were not before the court; they are either signers or the heirs or assignees of signers of the working agreement in question. They have been notified of the selection by plaintiffs-appellees of A. H. Rowan to succeed Bradco as operator, and of the relief sought by appellees in this

suit, but no attempt has been made to join them as parties to it. They are proper parties; are they indispensable parties to the suit? We conclude that they are.

"An indispensable party is defined as 'a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest.'" General Insurance Co. of America v. Casper, 426 S.W.2d 606, 607 (Tyler Tex.Civ.App., 1968), citing cases.

"All whose rights, interests or relations will necessarily be affected by a judgment on the merits are indispensable when the action seeks to determine or alter the legal rights and obligations resulting from a contract or other agreement * * *. The same rule applies where the action seeks to fix the right of the parties by obtaining a judicial construction of the contract." McDonald, Texas Civil Practice, Sec. 3.24, p. 305, citing South End Development Co. v. Holland, 248 S.W.2d 1013 (Galveston Tex.Civ.App., 1952, no writ). Paragraph (a) of Rule 39, Texas Rules of Civil Procedure, states that except as otherwise provided in the rules, persons having a joint interest shall be made parties. Persons having such an interest, properly interpreted, are indispensable parties. Those who simply ought to be joined if complete relief is to be accorded between those already parties are not indispensable; the trial court may proceed without them if jurisdiction over them can be acquired only by their consent or voluntary appearance. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup., 1966).

Although we believe that the owners of working interests in our case who are not before the court are more accurately described by paragraph (a) of Rule 39 than by paragraph (b), appellees have not established that the missing parties cannot be brought in, so it has not been shown that the rule confers discretion upon the trial court to proceed without them.

We sustain appellant's first point. Since we are requiring that appearances by additional parties be made, we do not assume that the record will be unchanged if appellees again urge a motion for summary judgment, so we do not rule on appellant's second or third points.

Having found that the missing owners of working interests are indispensable parties, we reverse and remand this case to the Trial Court for further proceedings.