**PAN AMERICAN PETROLEUM CORP.,**
Appellant,

v.

**Lloyd Russell VINES, Appellee.**

No. 466.

Court of Civil Appeals of Texas,
Tyler.

Sept. 10, 1970.

Rehearing Denied Oct. 15, 1970.

Second Rehearing Denied Nov. 12, 1970.

Dean J. Capp, K. M. Nolen, Houston, Strasburger, Price, Kelton, Martin & Unis, Leo J. Hoffman, Dallas, for appellant.

Wynne & Wynne, B. J. Wynne, Wills Point, for appellee.

McKAY, Justice.

Appellee brought suit against appellant seeking a declaratory judgment to construe the terms of a division order covering appellee's royalty interest. From an adverse judgment, appellant brings this appeal.

Appellant, as lessee, owns an oil and gas lease covering a 73.95 acre tract (called 74 acres) in Van Zandt County, and appellee owns a 2/74 royalty interest under the same tract. Pursuant to the terms of the oil and gas lease, appellant created a 700 acre unit for the production of gas, known as Parker Gas Unit "B," and the 73.95 acre tract was made a part of that unit. One gas well was drilled on Parker Gas Unit "B" and such well produces gas from the Smackover formation in the Northeast Edgewood Field.

Parker Gas Unit "B" was created from eight oil and gas leases wherein appellant was and is now lessee and owner of the working interest in each, but various parties, including appellee's predecessor in title, were lessors. Appellant is also the operator of the unit. When it was determined that gas production would be obtained from the Parker Gas Unit "B," divi-

sion orders were prepared and distributed to the royalty owners by appellant. The record reflects that separate division orders were distributed to the royalty owners but each of these instruments was identical in language and they were distributed, for convenience, in counterparts, to these royalty owners with the appropriate description of the tract or lease for execution by such royalty owners. Appellee's assignor executed his counterpart of the division order. The record reveals appellant owns all of the working interest in Parker Gas Unit "B," and that there are some 27 royalty owners. There are seven gas wells and seven gas units in the Northeast Edgewood Field and there are three such units and three gas wells in the Edgewood Field. All of these ten wells are connected to appellant's gas processing plant by pipeline.

Appellant brings forward several points by which it is claimed that the trial court committed error. We shall not set them out here because we are of the opinion that this appeal may be disposed of on appellant's first point. We do not deem it necessary to set out any additional facts since they are not necessary to our disposition of this appeal.

Appellant's first point is that the trial court erred in overruling its plea in abatement based on the absence of indispensable parties because all royalty owners who are parties to the same gas division order contract, or identical counterparts thereof, are indispensable to the prosecution of this suit. We sustain this point.

Appellee's pleading asks the court (1) to determine the meaning of "wellhead market value," (2) to determine the actual "wellhead market value," if one exists, or (3) if there is no "wellhead market value," then to determine the price to be paid appellee by appellant for the gas produced under the division order.

■ The question here is whether the other owners of interests in the gas production from the Parker Gas Unit "B" are indispensable parties. We hold they are necessary and indispensable parties.

The Uniform Declaratory Judgments Act, Article 2524–1, Section 11, Vernon's Ann.Tex.Civ.St., reads, in part, as follows:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *"

Rule 39, Texas Rules of Civil Procedure, provides that:

"* * * persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. * * *"

■ The division order was a contract. Chicago Corporation v. Wall, 156 Tex. 217, 293 S.W.2d 844 (Tex.Sup., 1956); LeCuno Oil Company v. Smith, 306 S.W.2d 190 (Tex.Civ.App., Texarkana, 1957, writ ref., n. r. e.). Each royalty owner in the Parker Gas Unit "B" signed a division order which had the same language as the one here in question, signed by appellee's grantor, and therefore, these written contracts, although executed in separate instruments, concluded a single transaction or purpose. They are to be construed together as one contract. Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472 (Tex.Sup., 1942); Board of Ins. Com'rs v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S.W.2d 803 (Tex.Sup., 1951).

In the Veal case, we find:

"It is the settled rule in this State, * * * that written contracts executed in different instruments whereby a single transaction or purpose is consummated are to be taken and construed together as one contract. * * *"

Appellee insists that the only necessary or proper parties in this suit were appellant and appellee since they were the only parties to the division order. While this suit asks the Court by declaratory judgment to

construe the terms of the division order contract between appellee and appellant, a judicial construction thereof would be a construction of all the division orders executed by all the other royalty owners in Parker Gas Unit "B."

"All whose rights, interests, or relations will necessarily be affected by a judgment on the merits are indispensable when the action seeks to determine or alter the legal rights and obligations resulting from a contract or other agreement; * * *. The same rule applies where the action seeks to fix the rights of the parties by obtaining a judicial construction of the contract. * * *" McDonald, Texas Civil Practice, Section 3.24, page 305. See South End Development Co. v. Holland, 248 S.W.2d 1013 (Tex.Civ.App., Galveston, 1952, n. w. h.).

In Bradco Oil and Gas Company v. Rowan, 437 S.W.2d 58 (Tex.Civ.App., Houston 1st, 1968, n. w. h.), suit was for declaratory judgment based on a contract between working interest owners seeking a construction of the contract concerning the removal of the operator of the properties.

All of the working interest owners were not joined as parties, and the Court held they were indispensable parties. "An indispensable party is defined as 'a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest.'" General Insurance Co. of America v. Casper, 426 S.W.2d 606 (Tex.Civ.App., Tyler, 1968, error ref., n. r. e.); Bradco Oil and Gas Co. v. Rowan, supra, and Campbell v. Jefferson, 453 S.W.2d 336 (Tex.Civ.App., Tyler, 1970, error dism.).

In Ambassador Oil Corp. v. Robertson, 384 S.W.2d 752 (Tex.Civ.App., Austin, 1964, writ ref., n. r. e., 390 S.W.2d 472), signers of unitization agreements were held to be indispensable parties to a declaratory judgment action affecting such signers' water injection rights as royalty owners.

The case at bar may be distinguished from Gehrke v. State, 315 S.W.2d 684 (Tex.Civ.App., San Antonio, 1958, n. w. h.), cited by appellee. In *Gehrke*, a trespass to try title suit was filed and a plea in abatement was filed by defendants alleging that necessary parties were not before the Court. The plaintiff there, by pleading, ratified the gas unitization agreement which was in existence before suit was filed, and the Court held that such ratification of the unit excuses the joinder of all parties to the unit who were then not interested nor affected by the title suit.

This is not a suit for accounting by the royalty owner against the operator or the working interest owner, but it is a suit seeking an interpretation of a contract—which interpretation will affect all who are parties to such contract. If, under the statute (Article 2524–1, Sec. 11, supra), a judgment in this declaratory judgment suit would not be a bar to suit by other royalty owners, or prejudice their rights under the rule of res judicata, the rule of stare decisis would cause the interpretation made in this suit to be applied to any other suit on the same question.

"* * * (W)hen the Supreme Court or a Court of Civil Appeals—if the Supreme Court has denied an application for a writ of error—has once given a definite effect to a specific writing or a particular fact situation—as when it determines the true construction of a will or the validity of a deed or a judgment or fixes the boundaries of a particular survey—such determination is binding and conclusive in all subsequent suits involving the same subject-matter, whether the parties and the property are the same or not. This result is reached under and by virtue of the doctrine of stare decisis and not under the rule of res adjudicata." McDonald v. Humble Oil & Refining Co., 78 S.W.2d 1068 (Tex. Civ.App., Beaumont, 1935, err. dism.); Case-Pomeroy Oil Corporation v. Pure Oil

Co., 279 S.W.2d 886 (Tex.Civ.App., Waco, 1955, err. ref.).

Measured by the rules set out above, all of the royalty owners in Parker Gas Unit "B" are necessary and indispensable parties.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

## ON MOTION FOR REHEARING

Appellee complains in his Motion for Rehearing that in our original opinion, we erroneously stated that the record reflects separate division orders were distributed to the royalty owners but each was identical in language, as none of the division orders except the one signed by appellee was in the record. The affidavit of William L. Kirkpatrick is in the transcript styled "AFFIDAVIT IN SUPPORT OF DEFENDANT'S PLEA IN ABATEMENT," and the affidavit contains the language:

"* * * They (the other royalty owners) executed exact copies of the same division order which is attached to this affidavit."

The affidavit also sets out that the other royalty owners executed such counterparts of the division order and returned them to Pan American Petroleum Corporation.

There is no objection in the record to this affidavit. It was before the Court on the hearing on the plea in abatement by agreement of the parties. Even though the affiant Kirkpatrick was an employee of appellant, these facts are not challenged in the record.

■ Appellee also contends that the trial as well as the plea in abatement being before the Court, and their being no findings of fact or conclusions of law, the appellate court would not be justified in reviewing the action of the trial court upon a plea in abatement without a statement of facts or

findings and conclusions. Appellee cites cases, including Richardson v. Raby, 376 S.W.2d 422 (Tex.Civ.App., Tyler, 1964, n. w. h.), to the effect that there being no findings of fact and conclusions of law, the judgment would be affirmed on any theory having support in the pleadings and evidence. The hearing on the plea in abatement was not a trial before the court as provided for in Rules 296 and 297, T.R. C.P., and so far as the record shows, the affidavit of Kirkpatrick was the only evidence before the Court. Appellee agreed to its admission and submission to the Court. Further, appellee contends that we cannot review the trial court's action upon this particular plea in abatement because appellant failed to properly preserve any error which might have been committed by the court below in overruling the plea. Assuming, arguendo, that such contention is correct, we would but point out that the absence of indispensable parties is an error fundamental in nature of which this court may take judicial notice without the point being raised by any party to this appeal. However, appellant did all that was necessary to preserve its error for appeal.

In his Motion for Rehearing, appellee insists that the word "shall" in Article 2524-1, Sec. V.A.T.S., is not mandatory but permissive or directory and cites Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (Tex.Sup., 1948), for authority. The Thomas case was an election contest case, and the question before the Court was the interpretation of an amendment in 1945 to Article 2968 (Article 5.16, Texas Election Code, V.A.T.S., repealed effective February 1, 1967), reading: "All certificates of exemption shall be renewed or reissued annually." The Supreme Court in that case said:

"It is true that a construction of amended Article 2968 which permits electors to vote without having procured annually a renewed or reissued certificate gives the article a liberal construction in favor of the voter and that it treats as directory what appears by reason of the

use of the word 'shall' to be mandatory. That construction is justified by sound authority. The right to vote is so fundamental in our form of government that it should be as zealously safeguarded as are our natural rights. It has been said that 'laws abridging the natural right of the citizen should be restrained by rigorous constructions within their narrowest limits.' * * * It is sufficient, however, that we apply here the less extreme and well established rule of construction that statutes regulating the right to vote should be given a liberal interpretation in favor of that right. * * *"

We believe that case may be distinguished from the case at bar.

The Motion for Rehearing is overruled.