**Robert CAMPBELL et al., Appellants,**

**v.**

**DELTA DRILLING COMPANY, Appellee.**

**No. 529.**

Court of Civil Appeals of Texas, Tyler.

April 22, 1971.

Rehearing Denied May 13, 1971.

J. K. Brim, Sulphur Springs, Storey, Armstrong & Steger, Robert M. Martin, Jr., Dallas, for appellants.

Kliewer & Hood, Edward Kliewer, Jr., Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal taken from an order of the trial court granting the plea of privilege of Delta Drilling Company to be sued in Smith County, the county of its "residence." The appellants, Robert Campbell and eight others, brought a class action suit on behalf of themselves and some 200 others against forty defendants, of which appellee is but one, on basically two causes of action: for an accounting and for damages resulting from a civil conspiracy. The suit was brought in Hopkins County. Appellee filed its plea of privilege which, after a hearing, was granted. The appellants are seeking to hold venue in Hopkins County under sections 4, 9 and 14 of Art. 1995, Vernon's Ann.Tex.Civ.St.

Appellants and the members of class sought to be represented are all royalty owners in what is commonly known as the Como-Smackover gas field, which at the present time consists of four producing sour gas wells. The forty defendants are the owners of all of the leasehold interest in the field. There is no one contract, unit or pooling agreement or division order covering the entire field. Rather it is four units with one producing well per unit: the Ford unit consisting of nineteen leases; the Morris unit consisting of fourteen leases; the Coker unit consisting of twenty leases; and the Garrison unit consisting of eighteen leases. All of the sour gas from the field is run through a processing plant owned in undivided interests by the defendants, and the plant is operated under the terms of a "Construction and Operating Agreement" executed by the defendants among themselves. The terms of this agreement call for the plant owners to retain certain fixed percentages of various minerals extracted from the sour gas to pay for operative expenses. The appellants by their petition contend that this agreement among the leaseholders, to which appellants are not parties, contradicts the terms of their leases which, appellants assert, call for royalties to be paid upon the "well-head value" of the gas. They contend that the gas has no well-head value, so royalties should be based upon the gross proceeds from the sale of the gas and minerals at the tailgate of the processing plant, less actual cost of transportation and processing. They claim that these actual expenses are far less than the value of the minerals retained by the plant owners for processing costs and on which no royalties were paid, hence their allegation that the defendants have conspired to defraud the royalty owners of their share of production. Despite the voluminous pleadings, the prayer for an accounting, and the claims of trespass, this is in essence a suit only for damages resulting from a civil conspiracy.

Before a discussion of the pertinent points of error presented, it is advisable to make a few preliminary observations in order to clarify our view of this appeal. Appellee raises the questions of the effectiveness of appellants' pleadings to actually cast this as a class action and the lack of indispensable parties. Under our present rules of civil procedure, both of these points are to be considered after a determination of the question of venue. Rule 84, Texas Rules of Civil Procedure. We will, therefore, not discuss them here. As to appellants' plea for an accounting, while they have shown that the plaintiffs are royalty owners under various leases held by various defendants, there is no showing that all of the defendants stand in a fidu-

ciary or contractual relationship to all of the plaintiffs. We seriously doubt that the equity jurisdiction of the district court has been invoked by these pleadings or that there does exist under these pleadings a cause of action for an accounting. Richardson v. First National Life Insurance Company, 419 S.W.2d 836 (Tex.Sup., 1967).

In their post argument reply brief appellants state that "(t)he whole point of this litigation is that a lessee may not by charging artificial and excessive plant operating expenses deprive his royalty owner of the royalty fraction interest in the net value of the proceeds. * * *" While this may be the purpose of their suit, the cause of action plead was best summarized by appellants' attorney at the hearing on the plea of privilege when he stated to the trial judge in an argument over the admissibility of certain documentary evidence, "(a)nd this whole lawsuit is based upon joint and several liability. There's been an agreement entered into to skim off part of the royalty owners' interest. And Delta gets part of it and Sartin gets part of it. And that's the whole lawsuit."

■ The essential venue facts which a plaintiff is required to prove under subdivision 4 of the venue statute are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; James v. Drye, 159 Tex. 321, 320 S.W.2d 319; McDonald, Texas Civil Practice, Vol. 1, sec. 4.10.1.

As previously stated, in our view, the only cause of action plead against the resident defendant, here a Mr. Sartin, and the non-resident defendant, appellee, was for damages resulting from a civil conspiracy. " * * * 'A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means.' * * *" Bartelt v. Lehmann, 207 S.W.2d 131 (Tex.Civ.App., Austin, 1947, error ref.); International Bankers Life Insurance Company v. Holloway, 368 S.W.2d 567 (Tex.Sup., 1963).

■ An examination of the record shows that the only act pleaded and proved against the resident defendant Sartin was that the defendants executed the operating agreement. There is no showing of illegality of the agreement itself or that it attempts to accomplish a lawful act by unlawful means. The agreement cannot change or impair the rights of the plaintiffs under their various leases, as those rights, the royalties to which the royalty owners are entitled, must be determined by the terms of the oil and gas leases. Texas Oil & Gas Corporation v. Vela, 429 S.W.2d 866 (Tex.Sup., 1968). Appellants have not met their burden under section 4, Art. 1995, and those points must be overruled.

Both parties rely upon the case of Pan American Petroleum Corp. v. Vines, 459 S.W.2d 911 (Tex.Civ.App., Tyler, 1970, ref., n. r. e.), decided by this court several months ago. That case does not control the case at bar. There Vines brought suit for a judicial construction of the one division order signed by all of the royalty owners. We held, in essence, that all parties to a contract are indispensable to a suit for the construction of that contract. While upon first reading, the Vines case and the case now under consideration appear to be identical because many of the surrounding facts and the overall objectives of the two cases are the same, the theories upon which each is based are entirely different.

The remainder of appellants' points have been considered and are likewise respectfully overruled.

The judgment of the trial court is affirmed.