TOWNSHIP OF MANALAPAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, IN THE COUNTY OF MONMOUTH, PLAINTIFF, v. GERALD K. LOEB, ALLEN BARRY BRANDT AND JACK P. SWEITZER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 11, 1974.

*Mr. Marvin E. Schaefer* argued the cause for plaintiff.

*Mr. William J. Hamilton, Jr.,* argued the cause for defendant, Gerald Loeb.

*Mr. Alexander D. Lehrer* argued the cause for defendant, Jack P. Sweitzer (*Messrs. Anschelewitz, Barr, Ansell & Bonello,* attorneys).

*Messrs. Schapira, Steiner & Walder,* attorneys for defendant, Allen Barry Brandt.

LANE, J. S. C. This matter is before the Court on plaintiff's motion for summary judgment. The complaint is for a declaratory judgment whether plaintiff is authorized to pay for legal services incurred by defendants arising out of an indictment.

Defendant Loeb was at all relevant times and still is a committeeman of Manalapan; defendant Brandt was at the time of the alleged criminal acts the mayor of the township, and defendant Sweitzer was at the time of the alleged criminal acts the township business administrator.

On or about September 12, 1972 the grand jury in Monmouth County handed up an indictment which charged Loeb with corruptly using a telephone credit card for personal calls and incurring an expense in excess of $200 which was paid from township funds. Brandt was charged with having knowledge of the improper use of the credit card and failing to take the necessary steps to see that the township was reimbursed for the amount of the calls. Sweitzer was similarly charged.

The indictment was tried in May 1972. It was dismissed as against Brandt and Sweitzer. A jury found Loeb not guilty.

Plaintiff seeks a declaratory judgment whether *N. J. S. A.* 40:148–1 *et seq.,* or *N. J. S. A.* 40:48–7 empowers plaintiff to pay the legal fees incurred by defendants in defense of the indictment.

*N. J. S. A.* 40:148–1 and *N. J. S. A.* 40:48–7 are general statutes authorizing the raising of money by taxation for proper municipal purposes. There is no statutory authority for the indemnification of municipal officers for the costs of defense of a criminal action charging what amounts to official misconduct.

In seeking authorization to make the payments, plaintiff relies upon *Cobb v. City of Cape May,* 113 *N. J. Super.* 598

(Law Div. 1971). That case, however, is clearly distinguishable. The basis of the liability for counsel fees was a libel action brought against the mayor. The court found that the statements made by the mayor forming the basis of the libel action were made by him as a representative of the city and that his action which was confirmed by the action of the city council was incident not only to the powers of the mayor alone but also of the city council.

Here under no circumstances can it be said that the acts charged against defendants in the indictment were for the benefit of the municipality.

56 *Am. Jur. 2d, Municipal Corporations, Etc.,* § 208, states in part: "Thus, a municipality has no power to reimburse an official for his expenses incurred in defending himself from charges of official misconduct." [p. 266]

In 64 *C. J. S., Municipal Corporations,* § 1837, it is stated: "A municipality may not pay, nor can the legislature authorize it to pay, the expenses incurred by a public officer in defending himself against a criminal prosecution; * * *." [p. 341]

The New York Court of Appeals dealt with the question in a case involving the constitutionality of a statute authorizing such payment in *Chapman v. City of New York,* 168 *N. Y.* 80, 61 *N. E.* 108 (Ct. of App. 1901). In holding such statute unconstitutional, the court stated: "For time out of mind, in all governments where the common law prevails, a person prosecuted for crime has been compelled to pay his own expenses when he had the means of doing so. * * * It is not the duty of the public to defend or aid in the defense of one charged with official misconduct. The history of morals or jurisprudence recognizes no such obligation. When a citizen accepts a public office, he assumes the risk of defending himself against unfounded accusations at his own expense." [61 *N. E.* at 109–110]

See also *Schiefelin v. Henry,* 242 *N. Y.* 581, 152 *N. E.* 436 (Ct. of App. 1926); *City of Del Rio v. Lowe,* 111 *S. W. 2d* 1208, 1219–1220 (Ct. of Civil App. Texas 1937), rev'd on

other grounds 132 Tex. 111, 122 *S. W. 2d* 191 (Sup. Ct. Texas 1938).

In *Powers v. Union City Bd. of Ed.,* 124 *N. J. Super.* 590 (Law Div. 1973), plaintiff sought to recover counsel fees and expenses incurred in the defense of a criminal action brought against him for extortion of monies from contractors doing business with the board of education of which plaintiff was a member. Although *N. J. S. A.* 18A:12–20 provides for indemnification in certain situations upon the favorable conclusion of a criminal action against a member of the board of education, the court rendered judgment in favor of defendant.

There is no genuine issue as to any material fact challenged. There will be a summary judgment declaring that plaintiff has no authority to pay the legal fees incurred by defendants in the defense of the criminal indictment.